## DETRICK *v.* STATE OF INDIANA.

[No. 26,100. Filed October 26, 1932.]

*Roscoe Hollingsworth* and *Carl W. Lambert,* for appellants.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* Special Attorney-General, for the State.

ROLL, C. J.—Appellants, and each of them, were charged by affidavit in two counts with the crime of bank robbery; Acts 1927, p. 470, ch. 158.

The record discloses the following facts: The crime is charged as having been committed on or about December 16, 1930. The affidavit was filed in the Vermillion Circuit Court on December 22, 1930. On the following day appellants separately, orally moved the court to quash the affidavit and each count thereof, which motions were overruled and exceptions taken. Each appellant was then arraigned in open court and plead not guilty, whereupon the cause was assigned for trial January 2, 1931.

On December 27, 1930, appellants filed their verified motion for continuance, and after the court had heard argument of counsel, overruled said motion with exceptions to appellants.

On December 31, 1930, Aikman and Sawyer withdrew as counsel for appellants, and the court then appointed Colonel C. Sawyer, pauper attorney for the county, to defend the defendants as paupers. The defendants then

filed their affidavits and motion for a change of venue from the judge on account of bias and prejudice, which was overruled. The affidavits for change of venue were sworn to before Colonel C. Sawyer on December 29, 1930, but were not filed until December 31, 1930.

On January 2, 1931, the defendants asked leave to withdraw their pleas of not guilty which was granted, after which each defendant filed separate motions to quash. Each of said motions were overruled with exceptions, whereupon each defendant entered his plea of not guilty.

The cause was submitted to a jury for trial.

Appellants, nor their attorney, made no opening statements, offered no evidence, tendered no instructions, and made no argument. The jury returned a verdict finding each defendant guilty as charged.

Appellants filed motion in arrest of judgment which was overruled. Judgment of life imprisonment was entered on the verdict. Appellants' motion for a new trial was overruled, and appeal was prayed and granted to this court.

Appellants assign as error, the overruling of their motions to quash; overruling of their motion in arrest, and overruling of their motion for a new trial. Appellants have waived the first two assignments of error by not addressing any points or authorities thereto whatsoever. *Partlow* v. *State* (1929), 201 Ind. 207, 214, 166 N. E. 651; *Land* v. *State* (1926), 198 Ind. 342, 151 N. E. 823; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277; *Flanningan et al.* v. *State* (1921), 192 Ind. 19, 134 N. E. 885. In appellants' joint and several motion for a new trial appellants assigned nineteen reasons, but reference to their brief discloses that they have made points and cited authorities to only three of the nineteen reasons set out in their motion for a new trial, to-wit: (1) Over-

ruling their motion for a continuance, (2) Overruling their application for change of venue from the judge, (3) Irregularity in the proceedings of the court and abuse of discretion by which they were prevented from having a fair trial in that the court erred in denying them their constitutional rights to be heard by themselves and counsel. Under the authorities above cited all other reasons assigned in their motion for a new trial are waived. Appellants urge as their first point that the court should have granted their motion for a continuance. The reasons for a continuance as set forth in their motion, in substance, are as follows: They recite the record up to the time of filing their motion, and that they have been confined in jail during all the time since their arrest; that they live several hundred miles distant from Vermillion County, and that their relatives, upon whom they depend for counsel, help and assistance, also live several hundred miles away; that they have been unable to communicate with them to prepare for their defense; that they are without means to employ counsel, but if given a reasonable time they will be able to communicate with their friends and relatives and secure funds to employ counsel to defend them; that they have tentatively employed the law firm of Aikman and Sawyer, of Newport, Indiana, as their attorneys but have been unable to pay them any retainer fee; that said attorneys have also been unable to communicate with any of defendants' relatives or to secure any funds to enable said counsel to make necessary arrangements and secure witnesses and prepare for the defense of said action; that if they are not granted a continuance they will be unable to secure funds to employ counsel and that Aikman and Sawyer will withdraw their appearance and that they will be compelled to apply to the court to appoint counsel to defend them as poor persons. They also make allegations concern-

ing the excitement in the county, the accusations against them in the newspapers and the prejudiced feeling against them created by unfavorable publicity; that on account of such condition they would be deprived of a fair trial if forced to trial so soon after the alleged crime.

Appellants' affidavit and motion for continuance was insufficient under Acts 1905, p. 584, §2250 Burns Revised Statutes 1926, if it be considered as asking for a postponement on account of absence of evidence or witnesses. The affidavit does not attempt to set out the evidence nor does it state that the evidence, if obtained, would be material. The name or names of the witnesses and place of residence are not attempted to be set out in appellants' motion. *Smith* v. *State* (1892), 132 Ind. 145, 31 N. E. 807; *Beavers* v. *State* (1877), 58 Ind. 530. It is apparent from a careful reading of appellants' motion that they were not asking for a continuance on the ground of absent witnesses or to bring themselves within the provisions of the above named section of our statute. As we view appellants' motion for a continuance it was based upon the proposition that they did not have funds with which to employ the firm of Aikman and Sawyer (the lawyers whom they desired to defend them) and that if the case were postponed they would be able to communicate with relatives and friends who would furnish the money with which to pay their lawyers. The facts set out in the motion show that Aikman and Sawyer had entered their appearance for the appellants and appeared in open court and argued the motion for a continuance on their behalf. There is nothing in the record and no showing made by appellants that Aikman and Sawyer failed or refused to do anything in the interest of the appellants they thought advisable up to the time they withdrew their appearance, to-wit, on December 31, 1930. As soon as

Aikman and Sawyer withdrew their appearance the court appointed Colonel C. Sawyer to defend them. There was no change in the relationship between appellants and the attorney of their own selection. The only change was the source of payment of Mr. Sawyer. If the continuance had been granted and appellants had been able to do what they stated in their motion for a postponement that they had good reasons to believe they could do, to-wit, to secure funds with which to employ counsel, or suppose they had had funds of their own with which to employ counsel, the result in any event would have been the continued employment of Colonel C. Sawyer as the attorney for appellants. The same result was accomplished by the tentative employment of Mr. Sawyer by appellants till December 31, 1930, and his continued service under appointment by the court to defend appellants as poor persons. The sum and substance of it all is, that appellants had the benefit of counsel of their own selection from the time they employed him till the conclusion of the trial in the lower court. The law applicable to the facts in this case seems to be well settled, and that is, that a motion for continuance is addressed to the sound discretion of the trial court. *Morris* v. *State* (1885), 104 Ind. 457, 4 N. E. 148; *Wheeler* v. *State* (1902), 158 Ind. 687, 63 N. E. 975. It is also equally well settled that where a discretionary power is exercised, it cannot be reviewed unless the complaining party shall show clearly and strongly that the court grossly perverted its power to his manifest injury. *Conrad* v. *State* (1895), 144 Ind. 290, 43 N. E. 221. Appellants make no attempt to point out wherein they were injured by the court's action in overruling their motion for continuance. We cannot say the trial court abused its discretion and, hence, there was no reversible error on this point.

The second error urged by appellants is in the over-

ruling of their motion for a change of venue from the judge. The record shows that on December 23, 1930, the trial court assigned this cause for trial on January 2, 1931. There was no objection made at that time to the date fixed by the court. On December 31, appellants filed their motion and affidavit for a change of venue. The statute, §2235 Burns 1929 Supp., Acts 1927, p. 417, provides for a change of venue from the judge on account of bias and prejudice, but also provides: "Any affidavit for change of judge shall be filed at least ten days before the day set for trial or if a date less than ten days ahead is set for trial then such affidavit shall be filed within two days after the setting of the case for trial." Appellants do not contend that they complied with the terms of the statute by filing it within the time allowed. Neither do they contend the statute is void, but on the contrary, admit they did not file their affidavit within the time set out in the statute, and also seek to uphold the statute as valid. They argue in their brief that because the statute, by the first provision, gives appellants the right to a change, it could not have been the legislative intent to take it away by the second provision, only when the proceedings had been regular, and that, as they contend, appellants were not represented by counsel until Colonel C. Sawyer was appointed by the court on December 31, 1930, the statute should not be construed to apply to the facts in this case.

Appellants' position is not supported by the record in this case, appellants' motion for a continuance stated that they had employed Aikman and Sawyer and this motion was presented and argued by counsel. It will also be observed that the only reason assigned in the motion and affidavit for a change of venue for not filing it before December 31, was that they had just discov-

ered the bias and prejudice of the judge, although the affidavit itself bears date of December 29, 1930. Nothing was said in the affidavit that it was filed as soon as they were represented by counsel such as is now urged by appellants in their brief. In the absence of a statute giving a defendant in a criminal action the right to a change from the judge on account of bias and prejudice, no right to such a change exists. No such right existed at common law. (Bacon's Abridgment, title Courts, Vol. 2.) *Turner* v. *Commonwealth* (1859), 59 Ky. (2 Met.) 619; *People* v. *Mahoney* (1861), 18 Cal. 180; *People* v. *Rogers* (1888), 12 Colo. 278, 20 Pac. 702; *State* v. *Lynn* (1901), 3 Penn. (Del.) 316, 51 Atl. 878; *State* v. *Woodson* (1900), 86 Mo. App. 253; *State* v. *Winget* (1881), 37 Ohio St. 153; *Stanley* v. *U. S.* (1893), 1 Okla. 336, 33 Pac. 1025; *Chaffin* v. *State* (Tex. Crim. 1893), 24 S. W. 411. The province of a judge is to decide such questions of law as may arise in the progress of the trial. His decisions on these points are not final; and if erroneous, the party has his remedy by appeal. 27 R. C. L., p. 810, §30. Appellants' right, or rather privilege, to a change from the judge on account of bias and prejudice being statutory, the legislature may withhold such a privilege entirely, or may grant it upon such conditions as it may see just and proper. Once the power to legislate on the subject is found to exist the wisdom of its exercise is not a judicial question. If the legislature has the power to extend to an accused the privilege to a change of venue from the judge on account of bias and prejudice, it also has the power to specify the method and time within which that privilege is to be exercised; and the accused, if he wishes to avail himself of the privilege granted him by the legislature, must bring himself within the provisions of the statute. This, appellants did not do.

Hence there was no reversible error in overruling appellants' motion for a change of venue from the judge.

The third and last error relied upon by appellants, viz., irregularity in the proceedings of the court and abuse of discretion by which they were prevented from having a fair trial in that the court erred in denying them their constitutional rights to be heard by themselves and counsel, is answered by what we have already said, and we think it is a sufficient answer to this proposition. The record, as pointed out in the first part of this opinion, shows appellants were represented by counsel of their own choice from a few days after their arrest till the conclusion of the trial. It might also be stated that appellants have not in their brief pointed out a single error in the conduct of the trial. They make no point on the introduction of evidence, no objection to any instructions and make no complaint whatever on the sufficiency of the evidence to support the verdict. If the trial judge was biased or prejudiced in the trial of the case it is difficult to see where the appellants suffered therefrom as no complaint is made of any action of the judge during the trial. A reading of the evidence shows that the appellants were positively identified by several witnesses as two of the five men who entered the Citizens Bank of Clinton and robbed the same and were captured after an exciting chase and gun battle in which three of appellants' companions were killed, and the money taken from the bank was retaken from them.

It is indeed difficult for us to understand how it could be argued from the record in this case that appellants did not have a fair trial.

Judgment affirmed.