**DETRICH v. HOWARD, Warden.**
**CLARK v. SAME.**

Nos. 8974, 8975.

Circuit Court of Appeals, Seventh Circuit.

May 21, 1946.

308

Oscar B. Thiel, of Gary, Ind., for appellants.

James A. Emmert, Atty. Gen., and Frank E. Coughlin and Karl J. Stipher, Asst. Attys. Gen., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellants separately appeal from orders denying their respective and substantially identical petitions for writs of habeas corpus to obtain their release from imprisonment in the Indiana state prison.

On December 22, 1930, in the Circuit Court of Vermillion County, Indiana, appellants were charged with the crime of bank robbery under the 1927 Act defining and prescribing punishment for this act (Acts 1927, p. 470, Ch. 158, Sec. 1, Burns Ann.St., Replacement 1942, 10-4102). Found guilty by a jury whose verdict did not determine the punishment appellants were both sentenced by the judgment of the court to life imprisonment.

Said Act of 1927 provided, upon conviction, for a sentence for life or for any determinate term of years not less than ten years, and that "It shall be the duty * * * of the court trying any case under this section, upon a plea of guilty or upon conviction to fix a term of imprisonment at life, or a definite term of years."

It is contended by appellants that there should be interpolated in the quoted language of said Act a limitation confining the power of the court to fix sentences to those cases tried under said act by a court without a jury, because of another 1927 Act, which provided a general scheme for the fixation of punishment in criminal cases, and, if applicable, required the jury to state in its verdict of guilty the amount of punishment to be inflicted (Acts 1927, p. 574, Ch. 200, Sec. 1, Burns Ann.St., Replacement 1942, Sec. 9-1819). Upon this premise appellants contend that, since the jury should have and did not, and the trial judge did, prescribe the punishment, such punishment is in law limited to the minimum penalty of ten years provided by the bank robbery act, and is void as to the excess, and that appellants, having served such minimum ten year sentences, are now imprisoned without due process of law and are entitled to be released through habeas corpus from further punishment.

Appellants petitioned the Circuit Court of LaPorte County, Indiana, for writs of habeas corpus based upon the contentions here presented and upon denial of same petitioners unsuccessfully appealed to Supreme Court of Indiana. It is claimed the state supreme court did not pass upon the due process of law question.

An appeal was taken from the original proceedings on which appellants were sentenced. It was apparently not urged in such proceedings that the court erred in fixing punishment, Detrick v. State, 204 Ind. 26, 182 N.E. 706. The state supreme court upon all questions presented affirmed the Vermillion Circuit Court.

In the state habeas corpus proceeding the Supreme Court of Indiana found that the failure of the jury to fix the amount of punishment did not result in a void judgment, but, at most, was an error which could have been reached by a proper appeal, and, no such appeal having been taken upon such error, same could not be reached by the habeas corpus proceedings, Detrich v. Dowd (Clark v. Dowd), Ind.Sup., 58 N.E.2d 108, 109. The Court held that, such being the case, "we need not decide here whether a proper interpretation of our statutes required the jury in the instant cases to fix the punishment."

■ The highest court of Indiana has held appellants' sentences to be valid for the purposes of the habeas corpus petitions heard in the state courts of Indiana. Such petitions were based upon the due process contention here presented and the decision of the Indiana court disposed of this question by finding the judgment sentencing appellants to be now valid and subsisting for the life terms thereby inflicted, and that the continued imprisonment of appellants was not, therefore, without due process of law. The appellants could have presented every contention here urged on appeal to the United States Supreme Court or by petition to that court for writ of certiorari to review the Indiana decision. Not having done so, they had no recourse to the district court in these proceedings. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

■ We will, nevertheless, discuss the other questions here presented. The Indiana Supreme Court has held the original judgment of life imprisonment to be valid under the law of that state, and that appellants are both now lawfully imprisoned thereunder for life notwithstanding the alleged error in its inception. Such interpretation of the law of Indiana should be accepted as the law of the case in this proceeding, Wichita Royalty Co. v. City Nat. Bank of Wichita Falls, 306 U.S. 103, 59 S. Ct. 420, 83 L.Ed. 515; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. The original judgment may not be impeached collaterally because of any alleged error which by Indiana law has no present effect upon its efficacy or validity. Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010; In re Eckart, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085.

■ The 1927 bank robbery act may be construed contrary to appellants' contention. The act is complete, specific and particular in respect to this crime. It is made the duty of the judge of the court *trying any case* under the act to fix the penalty in case of conviction. There is no apparent ambiguity. This provision is not limited by anything contained in the act to cases where a jury is waived or a defendant pleads guilty. To import such a limitation requires reference and subordination to the other more general Act of 1927 which is in other respects dissimilar. Where one statute deals clearly and specifically with a part of a general subject in a definite manner and is repugnant to the more general provisions of the same or another law covering the same general subject, the former specific act prevails. In this case the 1927 bank robbery act is to be given effect even though repugnant to the general act relating to the fixation of criminal penalties adopted at the same session of the Indiana legislature. The crime of bank robbery is to be deemed to be an exception to the cases covered by the latter act, although not expressly excepted therefrom, 59 Corpus Juris 1056, 1058; Kingan & Co., Ltd., v. Ossam, 190 Ind. 554, 131 N.E. 81; Townsend v. Little, 109 U.S. 504, 3 S.Ct. 357, 27 L.Ed. 1012. A limitation upon the duty placed upon the trial judge by this act, such as contended for, requires the reading into the bank robbery act of words which are not there. This is not permissible, 59 C.J. 974, Kunkalman v. Gibson, 171 Ind. 503, 84 N.E. 985, 86 N.E. 850; Wabash

R. Co. v. United States, 8 Cir., 178 F. 5, 101 C.C.A. 133, 21 Ann.Cas. 819.

The decision of the District Court dismissing each of the petitions of appellants is in each case affirmed.