**UNITED STATES v. TIPLITZ.**

Cr. No. 9–52.

United States District Court
D. New Jersey.

June 18, 1952.

ecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed."

Sections 3283 through 3290 which immediately follow, list certain exceptions to the specified three-year limitation. It is urged that inasmuch as offenses arising under the Internal Revenue Code are not specifically exempted, the three-year limitation governs. Defendant's argument would persuade were it not for Internal Revenue Code Section 3748, Title 26 U.S.C.:

"(a) Criminal prosecutions. No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years * * *.

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, * * *."

Grover C. Richman, Jr., U. S. Atty., Camden, N. J., Charles J. Tyne, Asst. U. S. Atty., Newark, N. J., for plaintiff.

David E. Tiplitz, Newark, N. J., for defendant.

MODARELLI, District Judge.

Defendant was indicted in a three-count bill returned January 14, 1952, for willfully and knowingly attempting to defeat and evade his income tax for the calendar years 1945, 1946, and 1947. The indictment alleges that defendant's returns were filed on or about the 15th day of January of the years 1946, 1947, and 1948. At the arraignment, defendant pled not guilty.

■ Defendant moves to quash the indictment on the ground that the three counts are barred by the statute of limitations. The defense rests upon Section 3282 of Title 18 U.S.C.:

"Except as otherwise expressly provided by law, no person shall be pros-

This provision falls squarely within the exception which Congress was careful to include as part of Title 18 U.S.C., Section 3282, "except as otherwise expressly provided by law * * *." The words are clear and unambiguous. Had Congress intended the exceptions noted in the sections following Section 3282 to have been the only exceptions to the three-year limitation, it would have been a simple matter to word the savings clause "except as otherwise provided in this chapter." That is not so however. As worded, a specific limitation anywhere expressly provided by law governs. In fact, the Revisor's Notes state that the excepting clause "was inserted to avoid enumeration of exceptive provisions."

■■ It is a prime maxim of statutory interpretation that where one criminal statute deals specifically with a part of a general subject in a definite manner and is repugnant to the more general provisions

514

of the same or another law covering the same general subject, the former specific act prevails. Karrell v. United States, 9 Cir., 1950, 181 F.2d 981, certiorari denied 1950, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646; Clifford F. MacEvoy Co. v. United States, 1944, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; Detrich v. Howard, 7 Cir., 1946, 155 F.2d 307; United States v. City of Chester, 3 Cir., 1944, 144 F.2d 415; and Montague v. Electronic Corporation of America, D.C.S.D.N.Y.1948, 76 F.Supp. 933. The purpose of this rule is to give effect to the presumed intention of the law-making body. United States v. Windle, 8 Cir., 1946, 158 F.2d 196. It must be assumed that Congress in enacting a statute acts with full knowledge of existing statutes relating to the same subject matter, and where express terms of repeal are not used, the presumption is against an intention to repeal an earlier statute.

 Title 26 U.S.C., Section 3748, and Title 18 U.S.C., Section 585, both find their origin from the Act of July 5, 1884, Chapter 225, 32 Stat. 122. Section 21 of the United States Criminal Code of 1948 under the heading "Schedule of Laws Repealed" lists Title 18 U.S.C., Section 585. It is argued that since Section 585 was repealed and since both Section 585 and Section 3748 of Title 26 were derived from the same source, the latter per force must fall. The reasoning is fallacious. I have searched in vain for the maxim of repeal by geneology. Section 585 had been previously repealed. See the United States Code, 1940 Edition, Title 18, wherein it is noted under Section 585 that its subject matter "is now contained in subdivisions (a) and (b), respectively, of section 3748 of Title 26, Internal Revenue Code." That same volume indicates that the revision of the Internal Revenue Code under the Act of February 10, 1939, c. 2, 53 Stat. 1–504, specifically included Section 3748. Its inclusion is dispositive of this controversy. See also Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23.

It is the decision of this court that the six-year statute of limitation contained in 26 U.S.C., Section 3748, applies. The three counts of the indictment are all within the statutory period.

An order may be submitted in conformity with the opinion herein expressed.