## PHILLIPS v. GRIM.

[No. 30,031. Filed June 27, 1962.]

*Carrol F. Dillon* and *Robert D. Schuttler*, both of Evansville, for appellant.

*Judson H. West*, Lt. Col., JAGC, *Hugh E. Reynolds, Jr.*, Capt., JAGC and *Robert J. Hayes*, of Evansville, for appellees.

JACKSON, J.—This is an appeal from a judgment of the Vanderburgh Superior Court denying appellant's petition for a Writ of Habeas Corpus.

So far as we are able to ascertain from the record before us, appellant was arrested and placed in the custody of appellee on August 11, 1960, by virtue of a commitment reading as follows:

> "Co C 1st BG 152d Inf
> 201 S. Rotherwood Avenue
> Evansville 14 Indiana

11 Aug 60

"SUBJECT: Commitment of Pvt Stephen E Phillips

TO: The Sheriff of Vanderburgh County

GREETINGS:

"You are hereby commanded to receive the custody of Pvt Stephen E. Phillips a member of Company C 1st BG 152d Infantry, of the Indi-

ana National Guard, who has on, 10 August 1960, been tried by Summary Court-martial as provided by the Statutes of the State of Indiana, (1933 Burns' 45-509, until 1 Jan. 54), and hold said prisoner in your custody for Fifteen (15) days in satisfaction of the sentence of this court. Dated at 1045 hours, this 10th day of August, 1960.

/s/ William S. Mitchell
William S. Mitchell
1st Lt Co. C 1st BG 152d
Inf. Ind ARNG
Summary Court Officer

570 SEE No. ——
M Age 19 Color W
8-11-60 Time 10 00 A.M.
State IND Jailer BB"

On the same day, August 11, 1960, appellant filed his petition for a writ of habeas corpus alleging therein that he was being unlawfully restrained of his liberty by appellee. Thereupon the Judge Pro Tempore of said court ordered appellee to produce the person and the body of appellant before said court at 3:30 p.m. on said day and to answer as to said restraint. At the hearing thereon the court ordered appellant released on $150 bond and granted appellee until August 17, 1960, to file a response to appellant's petition. Hearing was resumed on August 17, 1960, and appellee filed his return to the writ, on the same day, alleging *inter alia,* that he was holding appellant upon order of the Indiana National Guard pursuant to the commitment above set out, and denying that appellant was being unlawfully restrained.

The appellant requested the Court for a continuance to study appellee's return and answer. It then

being 12:30 p.m., the court granted such continuance until 2:30 p.m. on the same date, appellant objecting thereto on the ground that such continuance was insufficient time within which to prepare pleadings in answer or denial of appellee's return and answer. The hearing was resumed at 2:30 p.m. at which time appellant filed his exceptions to the return, the same being overruled. The appellant then requested additional time to plead further, which request was denied. The court then denied appellant's petition for writ of habeas corpus and ordered appellant remanded to appellee's custody. On September 2, 1960, appellant filed his motion for a new trial, the same being overruled on September 6, 1960.

Appellant's Assignment of Error here contains five specifications, of these we need and do take cognizance of only the first, which reads as follows:

"1. The court erred in overruling appellant's motion for a new trial."

Under the circumstances, as shown by the record in this case, we are constrained to agree with appellant's contention that the court erred in proceeding to trial over appellant's objection that insufficient time was allowed his counsel to prepare pleadings in answer or denial to appellee's return and answer, and that the court erred in overruling appellant's motion for a new trial.

We have previously held "[a]ppellant's counsel was entitled to time to investigate the law, . . . ." *Hoy* v. *State* (1947), 225 Ind. 428, 435, 75 N. E. 2d 915.

It is our conclusion in the instant case that appellant should have been allowed more than two hours to study appellee's return and answer filed on the same day as the hearing.

The judgment of the Vanderburgh Superior Court is reversed and the cause remanded with instructions to sustain appellant's motion for a new trial.

Arterburn, C. J., Achor, Bobbitt, and Landis, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 597.