RIEHARD E. MAUL *v.* STATE OF INDIANA.

[No. 2-573A111. Filed September 6, 1973.]

*Myron H. Budnick,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## I.

## STATEMENT ON THE APPEAL

STATON, J.—Richard E. Maul was indicted for statutory rape. He waived arraignment and entered his plea of not guilty. A jury found Richard E. Maul guilty of statutory rape, and he was sentenced to the Department of Corrections for a period of not less than two (2) nor more than twenty-one (21) years. His motion to correct errors raises the sole issue of sufficient evidence presented to support the jury's verdict. We affirm.

## II.

## STATEMENT OF THE FACTS

After attending classes at Shortridge High School in Indianapolis, Indiana on September 8, 1971, Latanya Winlock drove

over to Crispus Attucks High School with a friend, Jimmy Esters, and a second person identified only as Bobby. They were looking for Mr. Esters' cousin. Not being able to find the cousin at Crispus Attucks, they drove over to Indiana Avenue and parked in front of "Our Place," a club for young people. Mr. Esters and Bobby left Miss Winlock sitting in the car alone. A young man came out of "Our Place" and invited Miss Winlock in for a glass of water. Miss Winlock went into "Our Place" and sat down on a couch in the living room. She testified to the following events:

"A. Well, while I was sitting on the couch, talking to a young man, I stood up, and was walking around the room, and he followed me—kept following me around the room; and then I went back to sit on the couch, and two (2) men came and sat on each side of me, and I got ready to jump up, and they pulled me back down on the couch. I jumped up again, and I ran to the door and saw that the door was the type of door that you had to use a key to get out from inside, and I started screaming; and one (1) young man came and slapped me, and then he instructed me to go sit on the couch again. . . ."

\* \* \*

"Q. And then what happened?

"A. I was, well, after being on the couch, I sat on the couch for about ten (10) or fifteen (15) minutes, and then I was taken from the couch and led into this hall; and in this hall, a young man pushed me down on the floor, and proceeded to have sexual intercourse with me.

\* \* \*

"Q. Who was the first person that made you go back in that hall?

"A. Gilbert Rogers.

"Q. Gilbert Rogers?

"A. Yes, sir.

"Q. And did he forcibly undress you?

"A. Well, I guess you could say no.

"Q. And how about Landers?

"A. Well, when I was putting my clothes on, he came and pushed me back on the floor.

"Q. Did he forcibly undress you?

"A. Well, I hadn't put them on then.

"Q. Then when Landers was done, you said that Maul came?

"A. Yes, sir.

"Q. And when Maul was done, somebody else came?

"A. Yes, sir.

"Q. A total of five (5) fellows,

"A. I don't know.

"Q. You can't be sure?

"A. No.

\* \* \*

"Q. You testified that there was some doubt in your mind, concerning your being forcibly undressed. Why— first of all, were you forcibly undressed?

"A. No, I would say no.

"Q. Why did you undress?

"A. Because I felt that if I didn't I wouldn't get out.

"Q. If you didn't, you wouldn't get out?

"A. Yes.

"Q. Were you in fear of your life?

"A. Yes, I was."

Miss Winlock was unable to identify the assailants who raped her after Richard Maul because a door which had remained open during the first three attacks was closed darkening the hallway. When Jimmy Esters knocked on the door of "Our Place," he was admitted, and he took Latanya Winlock home. Both Latanya's grandmother and aunt testified that upon her return home, Latanya appeared disheveled and had been crying. After telling her grandmother about the attacks, Latanya bathed and was taken to General Hospital. She waited approximately eight hours to be examined by a doctor and at 1:00 o'clock A.M. decided to go home and consult a private doctor. On September 10, 1971, Dr. Randolph

W. Jones, a gynecologist, examined Latanya. He observed facial bruises but discovered no evidence of sperm or semen in the vaginal area. Miss Winlock testified that on September 8, 1971 she was fifteen (15) years old.

## III.

### STATEMENT OF THE ISSUE

Richard E. Maul's sole contention of error on appeal is:
Was the verdict of the jury supported by sufficient evidence?

## IV.

### STATEMENT ON THE LAW

When sufficiency of the evidence is raised on appeal, this Court and the Supreme Court of Indiana have often stated that we will not weigh the evidence nor resolve questions of the credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered. The conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Williams* v. *State* (1973, 260 Ind. 543, 297 N.E.2d 805; *Hightower* v. *State* (1973), 260 Ind. 481, 296 N.E.2d 654; *Stiles* v. *State* (1973), 156 App. 675, 298 N.E.2d 466; *Smith* v. *State* (1971), 255 Ind. 687, 266 N.E.2d 216.

Maul does not dispute in his brief the well established principle of law in Indiana that a conviction for rape may be sustained upon the sole uncorroborated testimony of the victim. *Williams* v. *State* and *Smith* v. *State, supra.* This principle of law applies to victims under the age of sixteen years. Our Supreme Court in *Hightower* v. *State, supra,* 296 N.E.2d at 657 stated in an opinion written by Justice DeBruler that:

". . . It has long been held in Indiana that the testimony of a victim under sixteen even though uncorroborated, is of itself sufficient evidence to sustain a conviction for rape, provided each and every material element of the crime charged was contained in her testimony. . . ."

It is Maul's contention that Latanya Winlock's testimony does not contain "every material element of the crime charged." With this contention we cannot agree.

The elements of statutory rape under IC 1971, 35-13-4-3; Ind. Ann. Stat. § 10-4201 (Burns 1956) are "carnal knowledge of a . . . female child under the age of sixteen ██ [16] years. . . ." Latanya Winlock testified that she was a female and that on September 8, 1971 she was fifteen years of age. Maul further contends that the testimony of Latanya Winlock is unclear as to ". . . what acts, if any, the defendant-Maul committed." He also contends that her testimony ". . . left to speculation and conjecture the guilt of the defendant." The testimony of Latanya Winlock set forth below, viewed in the light most favorable to the State, is substantial evidence of probative value from which the jury could reasonably infer that Richard E. Maul was guilty of rape beyond a reasonable doubt:

"A. I was, well, after being on the couch, I sat on the couch for about ten (10) or fifteen (15) minutes, and then I was taken from the couch and led into this hall; and in this hall, a young man pushed me down on the floor, and proceeded to have sexual intercourse with me.

"Q. Miss Winlock, are you acquainted with Richard Maul, the defendant in this case?

"A. Yes, I am.

"Q. Would you point him out, please?

"A. He's the young man, sitting right there in the black shirt.

"Q. In the black shirt?

"A. Yes, sir.

"Q. Is this the man that you're talking about?

"A. Yes, sir.

\* \* \*

"Q. And then what, if anything, did he do?

"A. Well, after I had been led in the hall earlier and had been sexually—the young man had had sexual intercourse with me, another young man came, and then after he came, then Richard Maul came.

"Q. What do you mean, you used the word 'sexual intercourse', what do you mean by that?

"A. I mean that he inserted his penis in my vagina.

\* \* \*

"Q. Now, Miss Winlock, I am going to ask you a very important question, and I want you to look at these ladies and gentlemen of the jury. Are you absolutely certain, with no reservation whatsoever and no mental equivocation, that this is the man who had sexual intercourse with you on September the 8th, 1971.

"A. Yes, I am."

## V.

## DECISION OF THE COURT

A conviction for rape may be sustained upon the sole testimony of the victim. This principle of law applies to victims under the age of sixteen years. The testimony of Latanya Winlock most favorable to the State and the reasonable inferences therefrom clearly show the necessary substantial evidence of probative value from which the jury could have reasonably inferred that Richard E. Maul was guilty beyond a reasonable doubt. Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 300 N.E.2d 678.