## ANTHONY WHITE *v.* STATE OF INDIANA.

[No. 874S167. Filed June 26, 1975. Rehearing denied September 16, 1975.]

*Richard Kammen, Bowman & Kammen,* of Indianapolis, *Richard D. Gilroy, Mullin, Foley & Gilroy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Anthony White appeals his conviction on charges of kidnapping and commission of rape while armed

with a deadly weapon. He was sentenced to consecutive terms of life imprisonment and twenty (20) years. Appellant White presents six (6) issues for our consideration. Appellant does not challenge the sufficiency of the evidence; consequently, we will omit a recitation of the facts of the incident which led to his conviction.

## I.

Appellant believes that it was reversible error for the trial court to overrule Appellant's pre-trial Motion For Production of Exculpatory Evidence. Appellant rightly points out that in a criminal case the prosecution has a duty to reveal *sua sponte* any exculpatory evidence in its possession, and that a failure to do so is a violation of the due process clause of the Fourteenth Amendment. *Brady* v. *Maryland,* (1963) 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; *Fair* v. *State,* (1969) 252 Ind. 494, 250 N.E.2d 744. Appellant, however, nowhere asserts nor attempts to prove that exculpatory evidence existed. Appellant's argument is that the trial judge should have granted the motion and the state then could have affirmed that it had no exculpatory evidence. Since *Brady, supra,* places an affirmative duty on the state to disclose exculpatory evidence, Appellant's suggested procedure is redundant and superfluous. Therefore, it is not error for a trial court to deny such a motion unless it is specific and the evidence is shown to have existed.

## II.

After the jury had been sworn but prior to the commencement of testimony, the Court granted a request by Appellant for production of grand jury testimony of alibi witnesses. Defense counsel had an opportunity to read these transcripts, and then made the following motion for a continuance:

"Yes, Your Honor. I have read this transcript. There are some substantial differences between what we had thought was the testimony and what was the testimony in the grand jury, and I think I need to investigate it. For that reason,

the defendant is moving to continue this case for about a week and a half."

The denial of this oral motion for continuance is the Appellant's second ground for review.

Appellant bases his argument on the case law which holds that the trial court must grant a continuance in order for counsel to have adequate time for preparation and investigation. *Calvert* v. *State,* (1968) 251 Ind. 119, 239 N.E.2d 697; *Phillips* v. *Grim,* (1962) 243 Ind. 161, 183 N.E.2d 597; *see, Hoy* v. *State,* (1974) 225 Ind. 428, 75 N.E.2d 915. It is equally well-settled that a motion for continuance based on a non-statutory ground is addressed to the discretion of the trial court. *Blevins* v. *State,* (1973) 259 Ind. 618, 291 N.E.2d 84; *Calvert, supra; Jay* v. *State,* (1965) 246 Ind. 534, 206 N.E.2d 128. In order to demonstrate an abuse of this discretion the record must reveal that the defendant was prejudiced by the failure to grant the continuance. *King* v. *State,* (1973) 260 Ind. 422, 296 N.E.2d 113; *Souerdike* v. *State,* (1952) 230 Ind. 192, 102 N.E.2d 367; *Detrick* v. *State,* (1932) 204 Ind. 26, 182 N.E. 706. Appellant has not set out in his Brief the alleged "substantial differences" between the grand jury testimony and either the expected trial testimony or the actual trial testimony of the alibi witnesses; nor how he was harmed by these putative differences.

The grand jury testimony at issue was that of one Rosalie Wilson, the main alibi witness called by Appellant. Her grand jury testimony was used by the state on cross-examination. This grand jury testimony appeared to contradict in minor details some of Mrs. Wilson's testimony on direct examination. Defense counsel conducted a re-direct examination designed to rehabilitate the main thrust of Mrs. Wilson's testimony which was that Appellant was with her at the time of the alleged crime. We note that defense counsel received and read the grand jury testimony on February 20, 1974, and called Mrs. Wilson to the stand on the next day. Without a showing of the specific manner in which a longer time for

investigation would have avoided harm to the Appellant, we can only conclude that Appellant's defense was as effective without a continuance as it would have been had a continuance been granted. Consequently, no abuse of discretion on the part of the trial court has been shown.

### III.

Appellant claims that he was prejudiced because the trial court refused to allow defense counsel to *verbally* supplement the court's voir dire. Counsel does not suggest what his verbal supplement could have produced that could not have been achieved through the written questions which the trial judge permitted both sides to submit as a supplemental to the court's conduct of the voir dire. Ind. R. Tr. P. 47(a) provides simply that in the event the court conducts the voir dire "the court shall permit the parties or their attorneys to supplement the examination by further inquiry." This passage cannot be read to require a particular form; such as, verbal questioning. A trial judge has wide discretion in arranging and conducting a proper voir dire. *Robinson* v. *State,* (1973) 260 Ind. 517, 297 N.E.2d 409. Rather than abusing that discretion, the trial judge in this case was seeking to avoid the practice, condemned by this court in *Robinson, supra,* of lawyers trying their cases on voir dire. The trial judge properly assumed an active role in the voir dire proceedings and exercised this broad discretionary power to restrict interrogation to proper matters by regulating the form as well as the substance of the interrogation.

### IV.

Appellant's next specification of error is the denial by the trial court of Appellant's request for additional peremptory challenges in light of the fact that Appellant and his co-defendant could not mutually join in the peremptory challenges allotted by law. Ind. Code § 35-1-30-2, Burns § 9-1502 (1956 Repl.). This issue was treated re-

cently in *Martin* v. *State*, (1974) 262 Ind. 232, 317 N.E.2d 430, wherein we upheld the statute requiring co-defendants to join in their challenges. We said:

> "We are convinced therefore that the legislative decision to limit the number of peremptory challenges in the manner described was dictated by a need to fashion an efficient and expeditious jury selection process and to at the same time produce a jury neither prosecution nor defense minded. These needs are peculiarly magnified in the case in which more than one defendant is to be tried. It cannot be said that the disparate treatment of this statute is without a reasonable basis." *Martin, supra,* 317 N.E.2d at 432.

## V.

When the trial court denied the motion for additional peremptory challenges, Appellant requested a severance. This request also was denied, and Appellant cites this denial as error. The granting of separate trials is covered by Ind. Code § 35-31-1-11, Burns § 9-913 (1974 Supp.) which provides, in pertinent part, that:

> "(b) *Whenever two [2] or more defendants have been joined for trial in the same indictment or information and one or more defendants move for a separate trial* because another defendant has made an out-of-court statement which makes reference to the moving defendant but is not admissible as evidence against him, the court shall require the prosecutor to elect one [1] of the following courses:
>
> (1) a joint trial at which the statement is not admitted into evidence;
>
> (2) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or
>
> (3) granting the moving defendant a separate trial. *In all other cases, upon motion of the defendant or the prosecutor, the court shall order a separate trial of defendants whenever the court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant.*" (Our emphasis)

As we said in *Martin, supra,* 317 N.E.2d at 432, this statute gives all co-defendants the right "to seek an individualized

determination of the prejudice" which the limitation upon peremptory challenges "may have upon the right to a trial by an impartial jury." Appellant's theory must be that he was in fact prejudiced by having to join with his co-defendant in the peremptory challenges. However, his sole argument on this point is that "In view of the proceedings to this point [the motion for a separate trial], counsel was demonstrating actual prejudice flowing in a particular case." Prejudice having been asserted but not demonstrated, the trial court did not err in denying severance.

## VI.

Appellant's final argument is that the imposition of consecutive sentences (life and 20 years) constitutes cruel and unusual punishment for the reason that such a sentence "is excessive and has no rehabilitative merit."

Appellant's second sentence was pursuant to Ind. Code § 35-13-1-1, Burns § 10-4709 (1974 Supp.) :

*"Commission of or attempt to commit crime while armed with deadly weapon.*—Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years. *The penalty imposed by this chapter [section] is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes."* (our emphasis)

In *Baromich* v. *State*, (1969) 252 Ind. 412, 249 N.E.2d 30, this statute was cited when we held that a trial judge does not

have authority to impose consecutive sentences *unless* there is a specific statute so authorizing.

Appellant cites no authority that a life sentence is cruel and unusual punishment. The substance of his argument is that it becomes more difficult for him to be released on parole because of the statute permitting consecutive sentences. Suffice it to say that the legislature may abolish all paroles. If it may do such, it may also make parole more difficult or impossible in certain cases. The terms of parole are a matter of legislative policy. Statutes providing for consecutive sentences and statutes establishing conditions for parole are not "vindictive justice" but represent the legislature's opinion of the best way to construct a reformative penal code. We are not at liberty to dispute the legislature's prerogative.

Judgment affirmed.

All Justices concur.

NOTE.—Reported at 330 N.E.2d 84.