ANTHONY WAYNE HALL *v.* STATE OF INDIANA.

[No. 2-1174A276. Filed September 22, 1975.]

*George A. Purvis,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Alden,* Deputy Attorney General, for appellee.

PER CURIAM—Anthony Wayne Hall, defendant, is appealing his conviction of rape,[1] claiming as error insufficient evidence, the overruling of his motion for change of venue from the county, and restrictive voir dire proceedings.

We affirm.

The facts viewed most favorably to the State reveal that on July 20, 1973, prosecutrix was leaving her home in Indianapolis, Indiana at approximately 3:00 a.m. when de-

---

1. IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns 1956) (as amended by IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns Supp. 1974)).

fendant approached her with a drawn revolver. Threatening to kill her if she failed to comply, defendant forced her to accompany him on a circuitous route through the neighborhood which eventually led to his home.

Once inside, the prosecutrix was forced to disrobe and perform fellatio upon defendant. She was threatened with a knife and made to have sexual intercourse with defendant numerous times. During this time defendant had a knife and told the prosecutrix if she didn't submit, "he'd rip . . . [her] face."

On November 9, 1973, defendant was charged by indictment with kidnap and rape. A jury trial resulted in a verdict of guilty of rape and acquittal of the kidnapping charge. On June 21, 1974, defendant was sentenced to a two to twenty-one year term to the Indiana Department of Correction.

Pursuant to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7), defendant consolidates issues (1), (2) and (5) of his motion to correct errors and contends that the State failed to prove the essential element of "penetration."

It is well established in Indiana decisional law that penetration, no matter how slight, is an essential element of the crime of rape. *Lynch* v. *State* (1974), 262 Ind. 360, 316 N.E.2d 372; *Garr* v. *State* (1974), 261 Ind. 134, 312 N.E.2d 70; *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N.E.2d 575. Whether or not penetration has occurred is a question of fact to be determined by the jury. *See Allbritten* v. *State* (1974), 262 Ind. 452, 317 N.E.2d 854; *Weaver* v. *State* (1963), 243 Ind. 560, 187 N.E.2d 485.

When reviewing the sufficiency of the evidence, this Court may not weigh the evidence nor decide questions concerning the credibility of the witnesses. We must look to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom and determine whether there is substantial evidence of probative value from which the trier of fact could reasonably infer

that the defendant was guilty beyond a reasonable doubt. *Lynch* v. *State, supra; Maul* v. *State* (1973), 157 Ind. App. 454, 300 N.E.2d 678. In the present case, no explicit testimony was presented relating to penetration. However, the jury heard testimony of the 22-year old mother to the effect that she was forced to have "actual sexual intercourse" with defendant, who was alternately armed with a revolver and a knife. Additionally, evidence was admitted demonstrating the presence of spermatozoa in the victim's vaginal secretions immediately after the incident.

From our review of the record in the present case, we conclude that the jury was presented sufficient evidence of probative value from which it could find beyond a reasonable doubt that penetration occurred.

Defendant next argues that the trial court committed reversible error by overruling his motion for a change of venue from the county since shortly after the incident giving rise to the present prosecution, defendant was charged separately with the murder of a young girl. It is urged that the incendiary atmosphere in Marion County, as indicated by four newspaper articles, precluded defendant from receiving a fair trial by an impartial jury.

The grant of a change of venue from the county in all criminal cases, except those cases punishable by death, is discretionary with the trial court, and this Court will not reverse the trial court's ruling unless there is a clear showing of an abuse of discretion. Indiana Rules of Procedure, Criminal Rule 12; *Simpson* v. *State* (1975), 164 Ind. App. 307, 328 N.E.2d 462; *Mentzer* v. *State* (1973), 156 Ind. App. 295, 296 N.E.2d 136; *Moore* v. *State* (1972), 154 Ind. App. 482, 290 N.E.2d 472. As stated in *Sheppard* v. *Maxwell* (1966), 384 U.S. 333, 362-63:

". . . Due process requires that the accused receive a trial by an impartial jury free from outside influences. Given the pervasiveness of modern communications and the diffi-

culty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused. And appellate tribunals have the duty to make an independent evaluation of the circumstances. . . . [W]here there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity. . . ."

The record before us does not disclose such a pervasive atmosphere of prejudice due to pre-trial publicity as to require the trial judge to grant the motion for change of venue in order for defendant to obtain a fair trial. The crime involved in this case occurred on July 20, 1973. The four allegedly prejudicial newspaper articles appeared in Indianapolis newspapers between August 4 and August 10, 1973. Defendant's motion for change of venue was filed on March 7, 1974. Only two of the articles appear to have been front page stories and two of the articles relate only collaterally to defendant. Clearly, there has been no showing of such prejudicial pre-trial publicity that a change of venue was necessary in order for defendant to receive a fair trial as in the cases of *Irvin* v. *Dowd* (1961), 366 U.S. 717 and *Baniszewski* v. *State* (1970), 256 Ind. 1, 261 N.E.2d 359.

We also note that defendant renewed his motion for change of venue on the day of trial, prior to the voir dire of the jury. This motion was also denied, but the trial court stated:

". . . I will point out that during the voir dire if there appears that the Defendant cannot obtain a panel of twelve jurors plus two alternates who can give him a fair trial, then I will certainly reconsider the motion, but the motion as made is denied again."

Defendant did not renew his motion for change of venue after voir dire of the jury. He does not contend on appeal that the voir dire disclosed actual juror prejudice because of the pre-trial publicity. The trial court did not abuse its dis-

cretion in overruling defendant's motions for change of venue from the county.

Finally, defendant contends that the trial court abused its discretion by utilizing restrictive voir dire proceedings. It was provided that after the trial judge conducted voir dire examination, each side would be restricted to twenty minutes for questioning of prospective jurors and that any questions left unasked after that time then be submitted to the trial judge in writing.

In Indiana, the trial judge has wide discretion in conducting voir dire. *White* v. *State* (1975), 263 Ind. 302, 330 N.E.2d 84; *Robinson* v. *State* (1973), 260 Ind. 517, 297 N.E. 2d 409; *Garrett* v. *State* (1973), 157 Ind. App. 426, 300 N.E.2d 696; *Simpson* v. *State supra*. We note that in *Robinson* v. *State, supra,* 297 N.E.2d at 411, the Supreme Court of Indiana even went so far as to urge trial judges to assume a more active role in voir dire proceedings to put an end to the practice of lawyers trying their cases by their voir dire examination of the jury.

We conclude that absent any showing whatsoever of prejudice resulting from voir dire proceedings, the trial court properly exercised its broad discretionary power.

Finding no reversible error, the trial court's judgment is hereby affirmed.

NOTE.—Reported at 333 N.E.2d 913.