JONATHAN BARGER *v.* STATE OF INDIANA.

[No. 1-375A45. Filed January 22, 1976.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John R .O'Bryan,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant (Barger) was convicted by a jury of rape. He now appeals that conviction asserting that (a) the evidence was insufficient to sustain a conviction, and (b) the court's sentence was excessive as a result of passion and prejudice.

On the evening of May 16, 1974, the victim, a child twelve year of age, her mother and a friend, Minnie Bear (Bear) went to visit the mother's boyfriend. After visiting for a while, the victim and Bear received a ride home from Barger. After Barger took Bear to her home, he proceeded toward the victim's home but drove past it and took her to a rest area along Highway 7.

Barger forced the victim from the car, took her to a grassy spot, pushed her to the ground, and removed her pants. She heard the sound of his zipper and his belt buckle. As he was atop her, she experienced pain in the vaginal area and felt something inside her. Her attempts to scream were muffled by Barger putting his hand over her mouth.

After he finished, Barger pulled the victim from the ground and put her in his car. He then removed her from the car whereupon she broke away and ran to the highway, flagging down an approaching auto. The driver of the auto took her to her home. She was wearing no pants at that time.

When no one was found at the victim's home, she was taken to the home of the landlady who reported the incident to the sheriff. Responding immediately to the report, the

sheriff apprehended Barger who was driving around in the vicinity of the landlady's home. The sheriff then went to the scene of the crime where he found Barger's shoes and the victim's jacket, panties and slacks.

Later that evening the victim was taken to the Bartholomew County Hospital where Dr. Edward Eberth conducted a complete physical exam including a pelvic examination of the female genitals. He found contusions on her left arm and on her inner right thigh. During the pelvic examination he found longitudinal lacerations in the posterior wall of the vagina and blood and fluid in the back pouch of the vagina. He also discovered that her hymen had been perforated and that the edges of the hymen were separated and bruised giving the appearance of having been shredded by a recent injury. In Dr. Eberth's professional opinion, the victim had been sexually assaulted with an erect penis (penetration being accomplished) within the preceding four or five hours.

The basis for Barger's assertion that the evidence was insufficient to sustain a conviction for the crime of rape is that the evidence fails to prove one of the elements of the offense—penetration.

As this Court stated in *Hall* v. *State* (1975), 166 Ind. App. 55, 333 N.E.2d 913:

> "When reviewing the sufficiency of the evidence, this Court may not weigh the evidence nor decide questions concerning the credibility of the witnesses. We must look to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom and determine whether there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt."

Although the victim did not explicitly testify that penetration occurred, the twelve year old testified to the effect that she experienced pain in the vaginal area and felt something inside her. We conclude that this testimony, when complemented by the testimony of Dr.

648

Eberth, presented sufficient evidence of probative value from which the jury could find beyond a reasonable doubt that penetration occurred.

As to Barger's assertion that the trial court's sentence was excessive as a result of passion and prejudice, no authority has been cited substantiating the alleged error and this issue is thus waived under Indiana Rules of Procedure, Appellate Rule 8.3 (A) (7).

Judgment affirmed.

NOTE.—Reported at 339 N.E.2d 811.