Ricky Donald **DRANE**,
Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1281S380.

Supreme Court of Indiana.

Dec. 17, 1982.

Charles H. Graddick, Gary, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Robbery, Ind.Code § 35–42–5–1 (Burns 1979) and was sentenced to thirty (30) years imprisonment. This direct appeal seeks review upon the following issues:

(1) Whether the trial court erred in denying Defendant's motion for a separate trial.

(2) Whether the trial court erred in denying Defendant's motion for a continuance to enable him to secure the attendance of a subpoenaed witness.

(3) Whether the guilty verdict was sustained by the evidence.

(4) Whether the trial court erred in allowing a witness to testify at trial following that witness' failure to appear at depositions.

At about 2:00 a.m. on November 15, 1980, Defendant, Rawleith Crenshaw, and Roderic Carter entered the Galaxy Lounge and sat down at the bar. A short while later, Crenshaw left the bar and entered a back "disco room." Two patrons then left that room, and Defendant testified that he told this couple that he would join them in their automobile momentarily. At this point, the Lounge owner sent the disc jockey to see if anyone else was in the disco room. As the disc jockey entered, gunshots were heard and Crenshaw exited from the disco room firing a gun at the bar. The bartender returned the shots with a gun which he carried, but ceased firing when either Defendant or Carter fired shots from another direction. Witnesses testified that both Defendant and Carter carried guns while in the bar. The owner was shot three times and was forced to empty the tavern cash register. The three men then fled the tavern after threatening "to blow [the owner's] brains out."

\* \* \*

## ISSUE I

Defendant was tried jointly with co-defendant Crenshaw. Immediately prior to trial, he moved for a severance of his trial. Following a hearing, the trial court denied the motion.

Crenshaw was charged with Robbery and with Attempted Murder, whereas Defendant was charged with Robbery only. Defendant admitted to being present but denied participating in the Robbery. Whereas, the co-defendant denied being present. He contends that that significant difference between the defenses compelled a severance to promote a fair determination of his guilt or innocence.

To compel a severance, the moving party must demonstrate that a fair trial cannot be had, otherwise, not merely that a separate trial offers a better chance for acquittal. "Defendant must show on appeal that, in light of what actually occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court may be said to have abused its discretion in refusing to grant his motion for severance." *Chandler v. State,* (1981) Ind., 419 N.E.2d 142, 149, *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188.

Both Crenshaw and Defendant testified and were subject to cross-examination concerning their respective denials of participation in the crime, and their respective recall of their whereabouts and activities during the early morning hours of November 15, 1980. Defendant's argument that he was found guilty by reason of his association with his co-defendant is purely speculative. He has failed to show how the denial of a separate trial prejudiced him. Therefore, we cannot say that the trial court committed error.

## ISSUE II

Defendant testified that after he left the Galaxy Lounge he was accosted by the bartender and owner of the tavern, who threatened him, in an effort to obtain an identification of Crenshaw and Carter. Defendant claims that the Gary police, including Officer Wallace James, interrupted this attack. Officer Millard was served with a subpoena intended for James, who failed to appear at trial. At trial, Defendant moved for a continuance and to have a bench warrant issued for Officer James, in order that his account of such attack and a following conversation between himself and Officer James might be corroborated. He contends that the absence of Officer James at trial prevented him from testifying concerning what the Officer had said to him and to others.

The trial court noted that there was no proof that Officer James had ever been served with a subpoena and denied the motion. A motion for a continuance based upon non-statutory grounds may be granted in the trial court's discretion. Ind.R. Trial Procedure, TR. R. 53.4, *White v. State,* (1975) 263 Ind. 302, 330 N.E.2d 84, *Minton v. State,* (1978) 269 Ind. 39, 378 N.E.2d 639. An abuse of discretion may be demonstrated only by a showing, among other requirements, that the Defendant would be harmed by a denial of the continuance. *King v. State,* (1973) 260 Ind. 422, 296 N.E.2d 113. In the instant case, Defendant has failed to meet this burden. He never represented to the court what Officer James' testimony would be, if present or how his anticipated testimony would differ from his own testimony on the subject. He has not shown how he was harmed by the trial court's denial of the motion, thus we cannot say that there was an abuse of discretion.

## ISSUE III

Defendant contends that the evidence was insufficient to sustain his conviction. He asserts that the victim did not see him during the robbery, and that the conflicts in the evidence strongly suggest that the jury convicted him by reason of his association with his co-defendant and speculation.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citations omitted) *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, cert. denied, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Defendant acknowledges this standard of review, but argues that no reasonable jury could have found him guilty beyond a reasonable doubt. He primarily relies upon testimony placing him outside of the tavern at the time of the robbery and his claim of non-involvement in the incident. However, numerous witnesses testified that the defendant entered the Galaxy Lounge at the same time as did Crenshaw and Carter. Witnesses also testified that he brandished a gun during the robbery, that he fired the gun, that he and Carter ordered patrons about during the robbery, and that he left the tavern with the other bandits immediately after the robbery.

From the evidence recited, the jury could find, beyond a reasonable doubt, that the defendant participated in the robbery. The evidence is therefore sufficient to sustain the verdict.

## ISSUE IV

Immediately after Donald Griffin, a patron of the tavern who was present at the time of the Robbery, was sworn as a witness in the State's case-in-chief, Crenshaw's defense counsel objected "based on the fact that I tried to depose this man on at least two occasions, and he never appeared. I now find myself confronted with a witness that despite my best efforts, I have not had the opportunity to investigate or hear what he has to say."

Defendant contends that he, too, was deprived of the opportunity to depose witness Griffin and that he should have been granted adequate time, following a mid-trial deposition, to investigate the witness and his story. Defendant argues that in the absence of such time to prepare, witness Griffin should not have been permitted to testify at trial.

The record discloses that Defendant did not specifically move for a continuance nor object to the Court's permitting Griffin to testify:

> "Trial Court: All Right, there is no motion for a continuance * * * [H]aving had an opportunity to depose the witness, the Court will now allow him to testify. Mr. Olson [defendant's counsel], do you have anything you wish to say?
>
> "Mr. Olson: Nothing I wish to add. He didn't give me anything I didn't already have."

Defendant, therefore, acquiesced in the court's ruling. Furthermore, he has not shown how he was harmed by the ruling allowing witness Griffin to testify.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.