Harold Dee WEANS, Appellant,

v.

STATE of Indiana, Appellee.

No. 785S293.

Supreme Court of Indiana.

Oct. 25, 1985.

J.A. Cummins, Public Defender of Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant and two companions were charged with Murder. Appellant and one of his companions were tried together by a jury and convicted of Voluntary Manslaughter, a Class B felony. Appellant was sentenced to twelve (12) years imprisonment.

Appellant's sole claim of error is that the trial court erred when it denied his motion for a separate trial from the defendant Thomas. When appellant first moved for separate trial, he was charged together with Steven Thomas and David Sparks. The court granted his motion for separation so far as Sparks was concerned but denied his motion so far as Thomas was concerned.

Appellant concedes that under *Drane v. State* (1982), Ind., 442 N.E.2d 1055, he must show that a denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in refusing to grant his motion for severance. However, he claims he was so prejudiced by the failure to separate him from Thomas, in that he claims Thomas would have testified that his act did not rise to the stature of murder or manslaughter, but that it was merely an act of recklessness. He, of course, correctly claims that since Thomas was a co-defendant he could not call him to the witness stand as his own witness. Sparks, who had been separated, was in fact called as a witness in the trial, and testified concerning the happenings which led to the homicide.

Sparks' testimony in no way presented facts that would reduce appellant's activity to mere recklessness. The homicide occurred at a poolroom from which appellant and his companions had been forcefully ejected earlier in the evening. After being ejected, the trio went to the home of Sparks where they obtained a shotgun and a .22 caliber pistol. They then returned to the poolroom where an altercation occurred between the trio and the several occupants of the poolroom.

The evidence elicited from the many witnesses, including David Sparks, agreed that Thomas held the shotgun and appellant held the .22 caliber pistol and that Sparks remained behind the wheel of their truck. During the altercation, Thomas and appellant began firing their weapons. Apparently no one was struck with shotgun pellets; however, appellant fired nine (9) shots from the .22 caliber pistol, one of which wounded one of the witnesses and another inflicted a fatal wound upon the decedent.

Although appellant claims testimony of Thomas would have reduced his activity to mere recklessness, he fails to recite any facts which he could elicit from Thomas that would accomplish his purpose. He did have the benefit of the testimony of Sparks. On Sparks' testimony alone, the jury would have been fully justified in re-

turning a verdict of Voluntary Manslaughter. Sparks' testimony did not vary materially from that of the many other witnesses to the shooting.

In view of the overwhelming amount of evidence in this case and the number of witnesses presenting such evidence, it is difficult to imagine how Thomas' testimony would have been of any great benefit to appellant. Appellant has wholly failed to bring himself within the purview of *Drane, supra.*

The trial court is in all things affirmed.

All Justices concur.