SHARPNACK, C.J., and ROBERTSON, J., concur.

**Robert T. HUGGINS, Appellant–Plaintiff,**

v.

**INDIANA PAROLE BOARD, Joseph L. Smith, Sr., Chairman, and Raymond Justak, Vice–Chairman, Richard Doyle, Patricia Ravinet and Harlan Hicks, Members, Appellees–Defendants.**

No. 49A02–9207–CV–338.

Court of Appeals of Indiana, Second District.

Dec. 30, 1992.

Rehearing Denied March 30, 1993.

Steven C. Shockley, Sandy L. Gosling, Sommer & Barnard, Richard A. Waples, Indiana Civil Liberties Union, Indianapolis, for appellant-plaintiff.

Linley E. Pearson, Atty. Gen., Ronald J. Semler, Deputy Atty. Gen., Indianapolis, for appellees-defendants.

BUCHANAN, Judge.

### CASE SUMMARY

Appellant-plaintiff Robert T. Huggins (Huggins) appeals from the dismissal of his complaint against The Indiana Parole Board (the Board) and its individual members for failure to state a claim upon which relief can be granted. Huggins claims that the Board should have reached the conclusion that he was "reformed" and based on

---

this factor alone, Huggins was entitled to release on parole. Huggins also alleged in the complaint that the Board should be enjoined to grant Huggins release on parole in light of his reformation.

We affirm.

## FACTS

We begin with a discussion of the standard of review in determining when a trial court may properly dismiss a complaint for the failure to state a claim upon which relief can be granted in accordance with Ind. Rules of Procedure, Trial Rule 12(B)(6). This court takes the facts alleged in the complaint as true and only when it appears that under *no* set of facts could the plaintiff be granted relief is dismissal of the complaint appropriate. *Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569; *Union Federal Savings Bank v. Chantilly Farms, Inc.* (1990), Ind.App., 556 N.E.2d 9.

Huggins is a prisoner serving a life sentence which resulted from a guilty plea to first degree murder entered in the Allen County Circuit Court when he was twenty-two years old. He was sentenced on January 15, 1964, and the complaint filed against the Board on December 9, 1991, alleged that Huggins achieved "reformation of character and self," *record* at 4, and that he was therefore entitled to release on parole. The complaint described Huggins' achievements in education, work assignments and counseling while incarcerated at the Indiana State Prison. On several prior occasions, the Board denied Huggins' request for parole, citing the nature of the offense and his prior criminal history.

The Board moved to dismiss Huggins' complaint for failure to state a claim upon which relief can be granted, and after the parties fully briefed the Board's motion, the trial court entered an order granting the Board's motion to dismiss.

## ISSUE

Whether the Board improperly dismissed Huggins' complaint for release on parole?

## DECISION

PARTIES' CONTENTIONS—Huggins contends that the Board's denial of his request for parole constitutes vindictive justice in light of the fact that he has achieved "reformation of character and self," as contemplated by Indiana's Constitution. The Board responds that the trial court's dismissal of the complaint was proper because there is no right to early release on parole merely because a criminal defendant achieves reformation.

CONCLUSION—The trial court properly dismissed the complaint.

The essence of Huggins' argument is that if during his term he lives by prison rules and is a model prisoner, it is vindictive justice not to grant him parole. The Indiana cases to date indicate otherwise. Huggins hangs his hat on the claim that he is entitled to release on parole as a result of his reformation during the some thirty years he has been in prison. He points to Ind. *Const.* art. I, § 18 which provides that: "The penal code shall be founded on the principles of reformation, and not of vindictive justice."

Early on, in *Terry v. Byers* (1903), 161 Ind. 360, 68 N.E. 596, our supreme court was presented with a case by a prisoner at the State reformatory who thought that because he followed prison rules, he was entitled to early release on parole. The court rejected that argument and determined that any release on parole was subject to the board of managers at the reformatory, and not subject to judicial supervision. The court then said that:

> "The law confers upon the person imprisoned in the reformatory *no absolute right of discharge* under any circumstances until the maximum term of imprisonment prescribed as the punishment for the crime of which such inmate has been adjudged guilty has expired."

*Id.* at 363, 68 N.E. at 598 (emphasis supplied).

With respect to the granting of parole, the legislature has adopted guidelines the Board should follow in determining whether to release a prisoner. Ind.Code 11–13–3–3(h) (1992 Supp.) provides that:

"The parole board shall adopt rules under IC 4–22–2 and make available to offenders the criteria considered in making parole release determinations. The criteria must include the:

  (1) nature and circumstances of the crime for which the offender is committed;

  (2) offender's prior criminal record;

  (3) offender's conduct and attitude during the commitment; and

  (4) offender's parole plan."

The Board has adopted the above criteria, *see* 220 I.A.C. 1.1–2–3, and *does* consider whether a defendant is reformed when reviewing applications for release on parole. *See e.g.* 220 I.A.C. 1.1–2–3(k)(3) (consideration of the offender's conduct and attitude during commitment); 220 I.A.C. 1.1–2–3(1)(14) (board considers "any other matter reflecting upon the likelihood that the offender, if released upon parole, is able to and willing to fulfill the obligations of law-abiding citizen"); 220 I.A.C. 1.1–2–3(m) (release on parole justified only if the board determines that the offender is willing and able to fulfill the obligations of a law-abiding citizen). These rules certainly reflect that the ultimate issue and the focus of an offender's parole application is whether the prisoner has been "reformed" while incarcerated.

Huggins passionately argues that making reformation should be the *sole* criterion to be considered in determining whether parole should be granted in accordance with Ind. *Const.* art. I, § 18. In this regard, our supreme court has taken the position that:

"*Suffice it to say that the legislature may abolish all paroles. If it may do such, it may also make parole more difficult or impossible in certain cases. The terms of parole are a matter of legislative policy.* Statutes providing for consecutive sentences and statutes establishing conditions for parole are not 'vindictive justice' but represent the legislature's opinion of the best way to construct a reformative penal code. We are not at liberty to dispute the legislature's prerogative."

*White v. State* (1975), 263 Ind. 302, 309, 330 N.E.2d 84, 88 (emphasis supplied); *see also Young v. Duckworth* (1979), 271 Ind. 554, 394 N.E.2d 123, *cert. denied* 445 U.S. 906, 100 S.Ct. 1084, 63 L.Ed.2d 323 (no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence).

The trial court's order stated that the Board *does* properly balance the reformation of the offender with other legitimate factors in setting forth the criteria to be used by the Board in making parole release decisions. In considering the criteria mandated by the legislature, i.e. the seriousness of the offense and prior criminal history, the Board could properly deny Huggins' release on parole.

There is nothing in the Constitution or statutes which requires the Board to look solely at "reformation" and ignore the other factors mandated by the legislature.

Judgment affirmed.

GARRARD and STATON, JJ., concur.