Christopher A. RUNDE & Rhonda S.
Runde, Appellants–Plaintiffs,

v.

VIGUS REALTY, INC., Robert L. Neu-
man, Eugene F. Vigus, Gary Stover in-
dividually and doing business as Gary
Stover Construction & Waterfield Fi-
nancial Corp., Appellees–Defendants.

No. 49A02–9208–CV–382.

Court of Appeals of Indiana,
Second District.

July 21, 1993.

Frederick S. Bremer, Indianapolis, for appellants-plaintiffs.

Michael C. Terrell and Thomas R. DeVoe, Sommer & Barnard, Indianapolis, for appellees-defendants.

SHIELDS, Judge.

Christopher A. Runde and Rhonda S. Runde (the Rundes) appeal the dismissal of their amended complaint for failure to state a claim against Vigus Realty, Inc.; Robert L. Neuman; Eugene F. Vigus; and Gary Stover, individually and doing business as Gary Stover Construction.

We reverse.

### ISSUES

Did the trial court err in dismissing the Rundes' complaint pursuant to Ind.Trial Rule 12(B)(6)?

### FACTS

In April of 1989, the Rundes entered into a purchase agreement with the owners (Sellers) of residential property in Indianapolis. The Rundes negotiated the agreement with Robert L. Neuman, associated broker with Vigus Realty, Inc. Neuman acted on behalf of Vigus Realty, Inc. and Eugene F. Vigus, who is the designated broker of Vigus Realty, Inc. (Neuman, Vigus, and Vigus Realty, Inc. will be referred to as Vigus).

The purchase agreement provided that the Rundes could order an independent inspection of the property and terminate the agreement and their obligation to purchase the property if the Sellers refused to correct defects in the property described in a written Response to Inspection Report (Response). The Rundes were obligated by the agreement to submit the Response to the Sellers within five days of their receipt of the inspection report. Gary Stover, doing business as Gary Stover Construction (Stover), performed the inspection of the property at the request of, and in the presence of, Christopher A. Runde.

During the inspection, Runde directed Stover's attention to defects in the property and Stover verbally agreed to communicate the defects to Vigus.[1] Stover relayed information to Neuman, who prepared the Response which was signed with the Rundes' names "by R.L. Neuman, broker for Vigus Realty, as per phone instructions from purchasers." Record at 121. However, the Response omitted some of the defects that Runde had shown Stover.[2] The Rundes did not sign this form, nor did they complete or sign any other Response. The Rundes purchased the property and assumed the expense of correcting the defects omitted from the Response.

The Rundes initiated this action against Vigus and Stover to recover the cost of correcting the omitted defects.[3] The Rundes' amended complaint was subsequently dismissed. The Rundes appeal.

### DISCUSSION

Initially, Vigus urges that we should review this case using a summary judgment standard. See Ind.Trial Rules 12(B)(8) and 56.

■ A T.R. 12(B) motion tests the sufficiency of a complaint to state a redressable claim, *Mills v. American Playground Device Co.* (1980), Ind.App., 405 N.E.2d

---

1. The property's defects to which Runde directed Stover's attention included: broken windows; cracks in the mortar of the outside wall; holes in the wall and doors; a non-working stove vent and fan; exposed wires in a cabinet; leaky, faulty faucets; faulty outside wiring; plumbing under the kitchen sink put together with radiator hose; loose switches and outlets in the electrical box; a dirty air conditioner and furnace; and a fireplace in need of repair.

2. The Response contained the following defects: inspect and clean the furnace by a qualified heating contractor; inspect and repair the fireplace by a qualified heating contractor; repair the broken oven door; repair the hood vent on the stove; repair the lock on the back door knob; and repair or replace the fogged bedroom window on the west end of the house.

3. The Rundes' complaint also sought recovery from the Waterfield Mortgage Company.

621, 627 n. 2, that is, to "test the law of the claim, not the facts that support it." *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 406. The purpose of a motion for summary judgment, "on the other hand, is to go behind the pleadings to determine if evidence exists to support allegations or denials in the pleadings," that is, to determine whether the allegations in the pleadings have a factual basis. *Id.*

Here, the appropriate standard of review is that pertaining to a T.R. 12(B)(6) motion. The issue presented to the trial court was the failure to state a redressable claim, which is the function of a motion to dismiss. Furthermore, the material presented to the trial court did not contradict or restrict the allegations in the amended complaint. Finally, the trial court's judgment reveals it did not consider the material. It stated:

> The defendants' Motions are based upon the contentions that the Plaintiffs' claims for relief are economic in nature and are not recoverable under the negligence theory espoused in the Plaintiffs' Amended Complaint. The Defendants are correct in such contentions. The only damages sought are economic in nature, and such damages will not support recovery under a theory of negligence. *Jordan v. Talaga* (Ind.App., 1989) 532 N.E.2d 1171 [1174]. An examination of the Plaintiff's Amended Complaint clearly discloses that the theory of the Plaintiffs' action is negligence. Accordingly, such Complaint does not state a relief [sic] upon which relief can be granted and should be dismissed.

Record at 178. Because the issue raised by the defendants and addressed by the trial court, and which is also the subject of this appeal, is the propriety of the trial court's dismissal of Rundes' amended complaint for failure to state a claim, we review the the trial court's judgment under the dismissal standard of review.

▪ Initially, we address the question whether the trial court properly dismissed the Rundes' claim for the stated reason that they sought economic damages which, under *Jordan*, cannot be recovered under a theory of negligence. While the trial court correctly recites the holding in *Jordan*, its application to the present claim is erroneous.

*Jordan v. Talaga* (1989), Ind.App., 532 N.E.2d 1174, *trans. denied*, concerned an action brought by the owners of a residence against the developers of the subdivision in which the owners' house was located. The owners sought recovery for the diminution in value of the residence and for damage to their personal property caused by a severe water and drainage problem on their lot. The complaint contained allegations of negligence and breach of an implied warranty of habitability, based upon the developers knowingly selling the lot, improved for home building, located in a substantial natural water course. The jury returned a general verdict for the owners; this court affirmed the trial court's judgment under the theory of an implied warranty of habitability, but held that the diminution in value of the real estate was an economic loss that was not recoverable under a negligence theory.

The *Jordan* court discussed economic loss as

> "damages for inadequate value, costs of repair and replacement of the defective product, or the consequent loss of profits ... [sic] as well as the diminution in the value of the product because it is inferior in quality ... [sic] to recover in negligence there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects."

*Jordan*, 532 N.E.2d at 1181 (quoting *Redarowicz v. Ohlendorf* (1982), 92 Ill.2d 171, 177, 65 Ill.Dec. 411, 414, 441 N.E.2d 324, 327). It then explained the rationale for refusing to allow a negligence action to recover only economic loss:

> At the heart of [the] issue [whether economic damages are appropriately awarded under a negligence theory] is the basic distinction between the theories of tort and contract law. The theory of negligence protects interests related to

safety or freedom from physical harm, including not only personal injuries, but also damage caused by defective personal property. For example, the damages to an automobile wrecked by reason of its own bad brakes, as well as other property in the vicinity, is compensable through an action in negligence.

> "But where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the court's have adhered to the rule ... [sic] that purely *economic interest* are not entitled to protection against mere negligence, and so have denied the recovery." W. Prosser, Handbook on the Law of Torts, Section 101 at 665 (4th Ed.1971).

*Jordan,* 532 N.E.2d at 1181 (emphasis in original).

Thus, *Jordan* and the rule it states appears to pertain to a negligence action for economic loss to a product caused by a defect in the product. This limitation is consistent with the fact that the economic loss rule is described as a rule "that prevents tort recovery when a *product defect* has resulted in the loss of value or use of the thing sold or has caused the buyer to incur the cost of repair." Am.Law Prod. Liab.3d § 60:39 (emphasis added) (footnotes omitted). *See also* Madden, Products Liability, 2d Ed., § 22.21 ("[w]here the loss [to a product] is exclusively economic, with no personal injury or property damage, most courts deny recovery in either negligence or strict liability.").

We fail to see any justification for expanding the rule to preclude the recovery of economic loss in other actions for negligence. Therefore, *Jordan* and the rule stated therein is inapplicable to the Rundes' claim for negligence which is based upon the alleged negligent performance of a duty undertaken by a gratuitous agent. Consequently, the trial court erred in dismissing the Rundes' negligence claim on the ground that it was precluded by the economic injury rule. Nevertheless, because we must sustain the trial court's judgment if it can be done on any legal ground, *Elmore v. City of Sullivan* (1978), 177 Ind.App. 495, 498, 380 N.E.2d 108, 110 (citing *Cain v. State* (1973), 261 Ind. 41, 45–46, 300 N.E.2d 89, 92), we determine whether the Rundes have asserted a claim upon which relief might be granted.

In reviewing a T.R. 12(B)(6) dismissal, we look to see if, "in the light most favorable to the plaintiff and with every intent regarded in his favor, the complaint constitutes a claim." *Mills v. American Playground Device Co.,* 405 N.E.2d 621, 626 (quoting *Gladis v. Melloh* (1971), 149 Ind.App. 466, 469, 273 N.E.2d 767, 769). "[N]otice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." *Palacios v. Kline* (1991), Ind.App., 566 N.E.2d 573, 576 (citation omitted). Hence, if the Rundes' complaint states "any set of allegations, no matter how inartfully pleaded, upon which the court below could have granted relief," *Cochran v. Hallagan* (1980), Ind.App., 409 N.E.2d 701, 703, we will reverse the trial court's judgment of dismissal; we affirm the trial court only if the complaint is "so deficient that it appears to a certainty [the Rundes] would not have been entitled to relief under any set of facts." *O.J. Shoemaker, Inc. v. Board of Trustees* (1985), Ind.App., 479 N.E.2d 1349, 1351.

The Rundes allege in their Amended Complaint that Stover verbally agreed to communicate the defects in the subject property to Vigus while Vigus undertook "on [the Rundes'] behalf the responsibility of correctly communicating with the owners of the subject property the nature and extent of the said defects." Record at 68. The Amended Complaint further states that Stover and/or Vigus negligently discharged their undertakings as Rundes' agents, as a result of which the Rundes' "contractual rights to insist on the correction of the defects as a condition of purchase were forfeited." *Id.* These allegations give adequate notice to Stover and Vigus that they are each being sued for damages arising from their respective conduct as the Rundes' alleged agent in rela-

tion to the Response and defects in the subject real estate. "Every inference is granted to plaintiffs to afford them their day in court." *Parke v. First Nat. Bank of Elkhart* (1991), Ind.App., 571 N.E.2d 1317, 1321 *trans. denied* (citation omitted).

Indiana has long recognized that an agent owes his or her principal a duty to exercise reasonable skill, care, and diligence in effecting the duties and obligations of the relationship. *See, e.g., Medtech Corp. v. Indiana Insurance Co.* (1990), Ind.App., 555 N.E.2d 844, 849, *trans. denied; Steward v. City of Mt. Vernon* (1986), Ind.App., 497 N.E.2d 939, 942. The gratuitous nature of the undertaking does not forestall the duty; "[t]he duty of an agent acting gratuitously is the same as other agents." *Trinity Lutheran Church, Inc. v. Miller* (1983), Ind.App., 451 N.E.2d 1099, 1102. The (Second) Restatement of Agency § 378 (1984), explains:

> One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service, or while other means are available, to give notice that he will not perform.

Comment a continues:

> If a person, by promising or undertaking to do definite acts of service for another, realizes or should realize that it is substantially certain that the other will refrain from doing such acts for himself or securing alternative services then available, the person so promising or undertaking becomes subject to liability for harm resulting from his undertaking and subsequent failure.

There is, however, an exception to the general rule if only the promisor can perform the promised act. As stated in Comment b, "[A] gratuitous promisor is not under a duty to the promisee if the promisee has no means of having the act done except by the promisor." However, the amended complaint does not allege circumstances that fall within this exception. Therefore, it is not a basis for sustaining the trial court's judgment.

The Rundes' Amended Complaint alleges an agency relationship as to Stover and Vigus; the relationship imposes a duty. The Amended Complaint further alleges a breach of duty and damages. Therefore, the Amended Complaint states a claim upon which the court could grant relief and which should have survived a motion to dismiss.

The judgment dismissing the Rundes' Amended Complaint is reversed and the cause remanded for further proceedings.

BARTEAU and SULLIVAN, JJ., concurs.