**Robert BARTH, Appellant–Plaintiff,**

v.

**Michael BARTH, Jr. and Barth Electric Co., Inc., Appellees–Defendants.**

No. 49A02–9410–CV–616.

Court of Appeals of Indiana, First District.

May 30, 1995.

Charles E. Johnson, Frank M. Maley, Indianapolis, for appellant.

David C. Campbell, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for appellees.

## OPINION

ROBERTSON, Judge.

Robert Barth [Robert] appeals the dismissal of his complaint against Michael Barth, Jr. [Michael], and the Barth Electric Co., Inc. [Corporation]. We reverse.

### FACTS

The dispositive facts are virtually undisputed. The corporation is closely held with three shareholders, Michael (51%), Robert (29%), and Barbara J. Neita (20%). There is no market for a minority interest in the corporation's shares. In addition to the three shareholders, the Board of Directors includes Michael's son, Michael Barth, III, and Michael's close friend, Inas James.

Robert's complaint (and amended complaint which was verified) alleged that Michael, as majority shareholder and president of the corporation, had engaged in an effort to freeze Robert out of his interest in the corporation. To this end, Michael had: 1) terminated Robert's employment with the corporation; 2) paid excessive salaries to himself and to members of his immediate family; 3) used corporate employees to perform services on his and his son's homes without compensating the corporation; 4) appropriated corporate funds for personal investments; 5) dramatically lowered dividend payments; 6) refused Robert access to corporate records; and 7) barred Robert from the corporation's premises.

Michael and the corporation moved to dismiss Robert's complaint for the failure to state a claim, arguing that a derivative action was required to redress Robert's claims.

The trial court granted the motion and this appeal ensued.

### DECISION

In reviewing an Ind.Trial Rule 12(B)(6) dismissal, we are concerned only with the sufficiency of the complaint to state a claim, not the facts which support it. *South Eastern Indiana Natural Gas v. Ingram* (1993), Ind.App., 617 N.E.2d 943, 951, *trans. denied.* Thus, we evaluate the complaint in the light most favorable to the plaintiff with every intent regarded in his favor. *Runde v. Vigus Realty, Inc.* (1993), Ind.App., 617 N.E.2d 572, 575. Only where it appears to a certainty from the face of the complaint that under no set of facts could the plaintiff be granted relief is dismissal appropriate. *Ingram,* 617 N.E.2d at 951. Notice pleading means that a plaintiff need only plead the operative facts involved in the litigation. *Id.* Thus, a complaint is sufficient if it states any set of allegations, no matter how inartfully pleaded, upon which the trial court could have granted relief. *Runde,* 617 N.E.2d at 575.

The well-established general rule is that a shareholder of a corporation cannot maintain an action in his own name to redress an injury to the corporation. *W & W Equipment Co., Inc. v. Mink* (1991), Ind.App., 568 N.E.2d 564, 570–571, *trans. denied.* The policy of the law is to leave corporate affairs to the corporation, except in a plain case of fraud, breach of trust, or such maladministration as works a manifest wrong to the shareholders. *Id.* at 575 (citing *Gabhart v. Gabhart* (1977), 267 Ind. 370, 381–382, 370 N.E.2d 345, 353). A single derivative action is generally required in order to further sound policy considerations including: 1) the avoidance of multitudinous litigation brought by disgruntled shareholders; 2) disregard for the corporate entity; 3) the protection of corporate creditors by putting the proceeds of the recovery back into the corporation; 4) the protection of the interests of all shareholders rather than allowing one shareholder to prejudice the interests of other shareholders; and 5) whether the injured shareholder would be adequately compensated by increasing the value of the shares when a

recovery is put back into the corporation. *Mink,* 568 N.E.2d at 571.

However, a minority shareholder may bring a lawsuit in his own name where none of the reasons underlying the general derivative action requirement are present. *Id.* While the better practice is to maintain a derivative action, we will not exalt form over substance where the aggrieved minority shareholder could have satisfied the requirements for bringing a derivative action, including: 1) that the shareholder is a shareholder who fairly and adequately represents the interests of all the (injured) shareholders, 2) that the complaint be verified, 3) that the complaint allege that a demand had been made to obtain action by the board of directors or demonstrate why such a demand was not made. *Id.*

■ In *Mink,* we held a shareholder who had been frozen out of a closely held corporation was not required to maintain a derivative action and could properly bring suit in his own name for another the shareholder/director's breach of fiduciary duties. *Id.* at 571, 574. We noted that corporate directors, officers, or shareholders, in close corporations owe a fiduciary duty to each other. *Id.* at 571. Such a fiduciary must deal fairly, honestly and openly with his corporation and fellow stockholders and must not be distracted from the performance of his official duties by personal interests. *Id.* When a corporate fiduciary benefits from a questioned transaction, the law presumes fraud and the burden shifts to the fiduciary to overcome the presumption by showing his actions were honest and in good faith. *Id.* at 573.

■ The shareholder frozen out of the closely held corporation in *Mink* had been terminated from the corporation's employment and could not have been adequately compensated for the value of his shares by way of a derivative action. *Id.* at 571, 574. The *Mink* court noted that minority shareholders in closely held corporations typically depend on their salaries and other employee benefits as the principal return on their investments and that termination of employment in such a setting could be especially pernicious. *Id.* at 574.

*Mink* controls here. The only material fact we can discern which distinguishes *Mink* from the present case is that the *Mink* corporation had two shareholders while the corporation under scrutiny in the present case has three. This distinguishing fact does not mandate a different result. That one minority shareholder had not been joined (or has not yet been joined) in the present lawsuit does not raise the specter of "multitudinous litigation." *See, id.* at 571.

■ We hold that, under *Mink,* Robert has adequately pled a claim against Michael for the breach of corporate fiduciary duties. Robert's verified amended complaint alleged 1) that Michael had misappropriated corporate resources for his own benefit to Robert's (and the other minority shareholder's) detriment, 2) that Robert's protestations of Michael's misconduct have earned Robert's banishment from corporate operations and premises, 3) that Michael had terminated Robert's employment with the corporation and drastically cut dividends, and 4) that Michael had denied Robert access to corporate records. As Robert's complaint sufficiently states a redressable claim, its dismissal was erroneous.

Judgment reversed.

SULLIVAN, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting:

I respectfully dissent.

In *W & W Equipment Co. v. Mink* (1991), Ind.App., 568 N.E.2d 564, this court allowed a narrow exception to the rule requiring derivative shareholder actions. Expressly stating that the exception did not apply to all close corporations, we held "that the trial court did not err in allowing this cause of action to proceed absent compliance with the derivative requirements *because there were only two shareholders, one of whom was involved in the breach of fiduciary duty.*" *Id.* at 571 (emphasis added). The narrow *Mink* exception should not be extended. In the case of a corporation with only two share-

holders, there is no possibility of a multiplicity of actions; in the case of a corporation with three or more shareholders, there is such a possibility. Similarly, there is no risk of prejudice to the rights of other shareholders where there are only two; there is such a risk where there are more. Requiring a derivative proceeding here would not be exalting form over substance. Rather, it would recognize the corporate entity and protect that entity from multiple suits, its creditors from loss of the proceeds of recovery, and its shareholders from prejudice. I would affirm the trial court in all respects.