Wallace M. **PFAFFENBERGER**, Gayle Pfaffenberger, George W. Pfaffenberger and Colletta Jo Pfaffenberger, Appellants–Plaintiffs,

v.

John J. **BROOKS**, Sara K. Brooks, Everett Rex Early and Bonnie L. Early, Appellees–Defendants.

No. 36A01–9411–CV–379.

Court of Appeals of Indiana.

July 18, 1995.

John M. Lewis, Seymour, for appellants.

William E. Vance, Vance & Phillips, Seymour and Dan A. Patterson, Jones, Patterson, Boll & Tucker, Columbus, for appellees.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Wallace M. Pfaffenberger, Gayle Pfaffenberger, George W. Pfaffenberger and Colletta Jo Pfaffenberger (collectively Pfaffenbergers) appeal the dismissal of their complaint against appellees-defendants John J. Brooks, Sara K. Brooks, Everett Rex Early and Bonnie L. Early (col-

1. Although it is unclear from the record, we will assume for purposes of this appeal that Pfaffenberger Builders, Inc. was still in the process of

lectively Brooks) to recover the amount owed on a promissory note.

### FACTS

On November 12, 1986, the Brooks executed a $105,225 promissory note to Pfaffenberger Builders, Inc., an Indiana corporation, for the second phase of construction on the Canterbury Apartments in Seymour, Indiana. Sometime thereafter, Pfaffenberger Builders, Inc. was voluntarily dissolved.[1] Subsequently, on July 13, 1990, all of the shareholders of the dissolved corporation filed an amended complaint in their individual capacities seeking to recover the total amount due on the promissory note. In response, Brooks filed a motion to dismiss the Pfaffenbergers' complaint, pursuant to Ind.Trial Rule 12(B)(6), alleging that the Pfaffenbergers failed to name the corporation as the real party in interest. The trial court granted the motion to dismiss on July 28, 1994.

### DISCUSSION AND DECISION

■ A motion to dismiss under T.R. 12(B)(6) is made to test the legal sufficiency of a claim, not the facts supporting it. *Gray v. Westinghouse Electric Corp.* (1993), Ind. App., 624 N.E.2d 49, 52, *trans. denied.* On review, we determine whether the complaint states any allegation upon which relief can be granted. *Id.* A complaint cannot be dismissed under T.R. 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Huggins v. Indiana Parole Board* (1992), Ind.App., 605 N.E.2d 229, 230, *trans. denied.* We must take the facts alleged in the complaint as true and determine whether, in a light most favorable to the plaintiff, the complaint is sufficient to constitute a valid claim. *Gray,* 624 N.E.2d at 52.

■ The well established rule is that shareholders of a corporation cannot maintain actions in their own name to redress an injury to the corporation. *W & W Equipment Co., Inc. v. Mink* (1991), Ind.App., 568 N.E.2d 564, 570–71, *trans. denied.* Rather, a

winding-up its affairs at the time that this action was filed.

shareholder is generally required to bring a single derivative action in order to further sound policy considerations including: 1) the avoidance of multitudinous litigation brought by the disgruntled shareholder; 2) disregard for the corporate entity; 3) the protection of corporate creditors by putting the proceeds of the recovery back in the corporation; 4) the protection of the interests of all the shareholders rather than allowing one shareholder to prejudice the interests of the other shareholders; and 5) whether the injured shareholder would be adequately compensated by increasing the value of the shares when a recovery is put back into the corporation. *Barth v. Barth & Barth Electric Co., Inc.* (1995), Ind.App., 651 N.E.2d 291, 292–93 (citing *Mink*, 568 N.E.2d at 571). However, a minority shareholder may bring a lawsuit in his own name where the policy considerations underlying the general derivative action requirement are not present. *See Barth*, 651 N.E.2d at 292–93 (one shareholder, who had been frozen out of a closely held corporation which had three shareholders, was not required to maintain a derivative action but could properly bring suit in his own name for one of the shareholder's breach of fiduciary duties).

■ In the instant case, we find that the reasons for requiring that shareholders bring a derivative action are not present. First, there is not a possibility for a multiplicity of shareholder suits because all of the shareholders of Pfaffenberger Builders, Inc. have joined in the present action to recover under the promissory note. Second, Pfaffenberger Builders, Inc. has paid all of its debts, and thus, there is no evidence of the existence of any creditor in need of protection. Third, since all of the shareholders are parties to the suit, there can be no prejudice to other shareholders not named as parties. Lastly, because the corporation is in the process of winding-up and all of the debts have been paid, the corporation would eventually be required to distribute the proceeds from the promissory note to the shareholders. There-

fore, the Pfaffenbergers, as shareholders, would receive the proceeds from the note regardless of whether this action was brought by them individually or in the name of the corporation.

■ Moreover, we observe that had the Pfaffenbergers attempted to bring a derivative action, they could have easily satisfied the requirements for doing so.[2] This is not a case where a shareholder is trying to avoid the requirements of a derivative action because the shareholder could not meet the requirements for such an action. *See Mink*, 568 N.E.2d 564, 571. We will not exalt form over substance in this case. *See Barth*, 651 N.E.2d at 292–93 (court would not exalt form over substance where the aggrieved minority shareholder could have satisfied the requirements for bringing a derivative action). Therefore, we hold that the Pfaffenbergers were not required to bring a derivative action to recover the amount owed under the promissory note. Accordingly, the trial court erred in dismissing their complaint.

Judgment reversed.

DARDEN, J. concurs.

KIRSCH, J. concurs in result with separate opinion.

KIRSCH, Judge, concurring in result.

"Dissolution of a corporation *does not:* ... transfer title to the corporation's property." I.C. 23–1–45–5(b) (emphasis added). This provision applies to voluntary dissolutions and to administrative dissolutions effected under I.C. 23–1–46–2. These statutory provisions set forth the procedures for dissolution and the winding up of corporate affairs. They exist to protect shareholders, taxing authorities and creditors. Requiring adherence to these provisions does not exalt form over substance. Allowing the plaintiffs to sue in their individual names for collection of what is a corporate asset without compliance with statutory dissolution procedures would

---

**2.** The requirements for bringing a derivative action include: 1) that the shareholder is a shareholder who fairly and adequately represents the interests of all the (injured) shareholders, 2) that the complaint be verified, 3) that the complaint allege that a demand had been made to obtain action by the board of directors or demonstrate why such a demand was not made. *Barth*, 651 N.E.2d at 292–93.

allow the evasion of these statutory protections.

Here, the plaintiffs allege in their amended complaint that they undertook certain winding up procedures and that as a part of such procedures the promissory note here at issue was "surrendered" to the plaintiffs. *Record*, p. 22. Such an allegation is sufficient to withstand a motion to dismiss. At trial, the plaintiffs will have the burden to prove a proper transfer of the promissory note from the corporation to themselves personally.