Margaret A. MEYER, d/b/a George C. Meyer & Company, Appellant (Defendant Below),

v.

Betty BIEDRON, as Administratrix of the Estate of Fred Biedron, Appellee (Plaintiff Below),

and

City of Hammond; Hammond Lead Products, Inc.; Halstab Division of Hammond Lead Products, Inc.; Ferro Corporation; Keil Chemical Division of Ferro Corporation; and Centimark Corporation, Appellees (Defendants Below).

No. 45S03–9511–CV–1318.

Supreme Court of Indiana.

July 16, 1996.

James N. Thiros, Cohen & Thiros, Merrillville, Jennifer A. Keller, Cassiday, Schade & Gloor, Chicago, IL, for appellant.

Saul I. Ruman, Thomas A. Clements, David Hamacher, Ruman, Clements, Tobin & Holub, P.C., Hammond, for appellee.

ON PETITION TO TRANSFER

PER CURIAM.

This matter comes before the Court on a petition to transfer filed by the appellee, Betty Biedron, as administratrix of the estate of Fred Biedron ("Biedron"). In that capacity, Biedron brought suit against, among others, Margaret A. Meyer d/b/a George C. Meyer and Company ("Meyer"). Meyer owned a warehouse in which Fred Biedron was killed while fighting a fire. Biedron alleged in her complaint that her husband's death was caused by Meyer's negligence.

Fred Biedron was a professional firefighter. Meyer filed a motion for summary judgment claiming that the "fireman's rule" precluded liability for any negligence which might have resulted in Fred Biedron's death while performing his occupational duties. Although the trial court denied the motion, the Court of Appeals reversed, and directed the entry of summary judgment in favor of Meyer on the issue presented. *Meyer v. Biedron,* 647 N.E.2d 1153 (Ind.Ct.App.1995), *trans. granted.*

This Court granted transfer on November 22, 1995. Subsequent to the granting of transfer, the parties reached a settlement of their disputes. Biedron filed a notice of the settlement, but requested that the Court nevertheless decide the appeal on the merits. Meyer then filed a motion asking the Court to dismiss the appeal.

The Court could continue its jurisdiction over this case, regardless of the settlement by the parties. But in this instance, a majority of the Court agrees the appeal should be dismissed. However, we note that once transfer is granted, the Court of Appeals' opinion or judgment is "vacated and held for

naught." Ind. Appellate Rule 11(B)(3); *Chandler v. Board of Zoning Appeals,* 658 N.E.2d 80, n. 1 (Ind.1995). A majority of the Court is of the view that regardless of the status of the parties or the dismissal of this appeal, the vacating of the Court of Appeals' opinion was proper and should not be reconsidered or rescinded.

Biedron's request that the Court decide the appeal on the merits in this case was based upon the fact that she has asserted claims against other defendants in which summary judgment has been entered on the basis of the Court of Appeals' opinion herein. However, as we noted above, *Meyer v. Biedron* has been vacated and has no precedential value.

This appeal is dismissed and the Court of Appeals' opinion remains vacated.