**L.H. BAYLEY and David A. Noyes & Company, Appellants,**

v.

**Mary Francis FOX, Appellee.**

No. 49A02–9512–CV–740.

Court of Appeals of Indiana.

Aug. 19, 1996.

Publication Ordered Oct. 3, 1996.

Rehearing Denied Dec. 9, 1996.

---

Robert L. Cram, David A. Noyes & Company, Indianapolis, for Appellants.

Bryan Lee Ciyou, Gannon & Ciyou, Indianapolis, Jill M. Bracken, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

L.H. Bayley and David A. Noyes & Company (the Company) sold bonds to Mary Francis Fox in 1987. In 1995, Fox filed a lawsuit against the Company in which she alleged that the Company had violated the Indiana Securities Act, had violated their agency relationship, had violated their fiduciary relationship, had breached their contract relationship, and had committed frauds upon Fox. The Company filed a motion to dismiss the complaint and, in the alternative, a motion to compel arbitration through the National Association of Securities Dealers, Inc., (the NASD). Fox joined in the motion to compel arbitration. The trial court ordered that the parties submit to arbitration through the facilities of the NASD. The Company appeals the order of the trial court and claims the court should have granted its motion to dismiss. We affirm.

When Fox bought her bonds from the Company, the two entered into a contract called the Customer's Agreement which contained the following provision:

### 16. Arbitration of Controversies.

Disputes and controversies arising under the federal securities laws can be resolved through litigation in the courts, notwithstanding the arbitration agreement set forth below. Accordingly, you do not have to submit disputes arising under the federal securities laws to arbitration.

Any dispute or controversy concerning securities and securities accounts (but not commodities or commodity accounts) which may hereafter arise between you and me relating to this agreement, or any claimed breach thereof, or the validity thereof or of any provision thereof, or any business transaction or relation whatsoever between you and me shall be settled by binding arbitration, in accordance with the rules and regulations then obtaining at the time of such arbitration, through the arbitration facilities of the American Arbitration Association, the New York Stock Exchange, Inc., the National Association of Security Dealers, Inc., The Chicago Board Options Exchange, or any other organized exchange of which you are a member, as I may elect. If I do not make such election by registered or certified mail addressed to you within five days after receipt of notification from you requesting such election, or if I should do or cause the filing against you of any action or litigation in any local, state or Federal court for any claim subject to arbitration hereunder without first initiating or requesting arbitration thereof, then I authorize you to make such election among arbitration facilities, and I shall be bound by any such election made by you. Any arbitration hereunder shall be held at the city of your main offices, Chicago Illinois, and shall be before at least three arbitrators. The award of the arbitrators (or a majority of them) shall be final, and judgment upon and enforcement of such award may be entered and had in any court, state or Federal, having jurisdiction. Even though certain disputes and controversies arising under the federal securities laws will not necessarily be subject to arbitration hereunder, we agree that all disputes and controversies should be resolved, if possible, through arbitration rather than through

litigation in the courts, because arbitration is a more cost efficient and expeditious method of dispute resolution.

Fox did not file a claim for arbitration with any of the entities listed in the arbitration clause. For example, she did not file with the American Arbitration Association because she could not afford the fees involved. Also, she did not file with the NASD because its rules contain the following provision:

**Time Limitation on Submission**

Sec. 15. No Dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitation, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Fox had bought her bonds more than six years before she decided she had a claim against the Company, so she filed her complaint in the trial court in the hope that she could get the court to order arbitration and thereby fall with in the exception for "any case which is directed to arbitration by a court of competent jurisdiction." Also, the Company had notified Fox that it had elected the NASD to provide arbitration facilities pursuant to the arbitration clause of the Customer's Agreement, which solidified the NASD time limitation provision as an important part of the case.

The Company then filed with the trial court a motion to dismiss the complaint because, when Fox had entered into the Customer's Agreement, she had agreed not to file a lawsuit in any state court. In essence, the Company asserted that the trial court lacked jurisdiction over the case. Further, the lack of jurisdiction meant that the trial court lacked "competent jurisdiction" to order the parties to arbitrate within the meaning of the time limitation of the NASD. The Company also claimed that, to allow the complaint to proceed and to order arbitration, would be to allow Fox to achieve indirectly what she could not achieve directly, that is, to proceed with her claim before the NASD after the passage of more than six years.

■ A motion to dismiss under Ind.Trial Rule 12(B)(6) tests the legal sufficiency of a claim, not the facts which support it. *Pfaffenberger v. Brooks,* 652 N.E.2d 884, 885 (Ind.Ct.App.1995). A complaint cannot be dismissed under the rule unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Id.*

■ Contrary to the arguments of the Company, Fox did not agree not to file a lawsuit in state court. The agreement states that "[a]ny dispute or controversy ... shall be settled by binding arbitration ... through the arbitration facilities" of one of the listed entities but also contemplates that the customer might "do or cause the filing ... of any action or litigation in any local, state or Federal court for any claim subject to arbitration hereunder" and contains provisions which take effect should the customer decide to do so. The existence of the Customer's Agreement did not deprive the trial court of jurisdiction over this particular case. To the contrary, contract construction was a critical task of the trial court in this case.

The Company has not established that the trial court did not have subject matter jurisdiction over the counts charged in the complaint, from a violation of the securities act, to breach of contract, to fraud. The Company acknowledges that the trial court had personal jurisdiction over the parties. Further, the Company has not demonstrated that the trial court had no jurisdiction over the particular case. Therefore, the trial court was a court of "competent jurisdiction" whose order qualifies as an exception to the time limitation of the NASD. The trial court properly denied the motion to dismiss the complaint.

■ The Company claims that the trial court's arbitration order allows Fox to achieve indirectly, through a complaint filed with the court, what she could not have achieved directly, through a claim filed with the NASD. The Company contends that the order of the trial court allows her to proceed with a claim before the NASD after the passage of more than six years when the

time limitations mentioned above would not have allowed the Company to do the same.

One court has stated that the provisions of the NASD allow a claim properly before a court to be directed to arbitration, even if the six-year limitation has run, if the court so directs. *Edward D. Jones & Company v. Sorrells,* 957 F.2d 509, 513 (7th Cir.1992). The court relied, in part, on the order of the Securities and Exchange Commission (SEC) which approved the amendment to the time limitation provision of the NASD. The amendment included in the language of the provision that the limitation "shall not apply to any case which is directed to arbitration by a court of competent jurisdiction." The court noted that the SEC order which approved the amendment "clearly stated that the amendment would 'extend the time limitation on arbitration of claims to allow arbitration of claims over six years old if a court with jurisdiction over the claim directs that the claim be resolved by arbitration.'" *Id.* at 512–513 (citing Securities and Exchange Commission, Volume 31, No. 7, Commerce Clearing House SEC Docket 378, Release No. 21295, September 7, 1984).

The order of the SEC is persuasive on the issue of whether the time limitation applies to cases in which the claims are more than six years old. The claims Fox listed in her complaint were over six years old at the time, and we have determined that the trial court had "competent jurisdiction" over those claims. The trial court ordered that the claims be resolved by arbitration, as contemplated by the exception contained in the time limitation provision of the NASD.

We therefore conclude that Fox has not achieved a result indirectly that she could not have achieved directly. She acted consistently with the time limitation provision. If the Company does not agree that the provision should extend the time limitation in such a manner, then it should seek a change in the NASD provision to the effect that a claim must have been filed somewhere within six years of the occurrence or event.

Judgment affirmed.

NAJAM, J., concurs with separate opinion.

SHARPNACK, C.J., concurs in Judge NAJAM'S concurring opinion.

NAJAM, Judge, concurring.

I concur in the majority opinion but write separately to emphasize that a party may not appeal from the trial court's grant of the very relief it sought to obtain.

Here, the Company filed a motion to dismiss for failure to state a claim or, in the alternative, to compel arbitration. The trial court denied the Company's motion to dismiss but granted its motion to compel arbitration. Now, the Company appeals from that decision, alleging that the trial court erred when it ordered arbitration.

Even if the trial court had erred, the Company would have invited the error. The Company alleged before the trial court that, "a valid arbitration agreement exists covering all disputes" and asked the court to enter an order compelling all claims to NASD arbitration. Record at 23–24. On appeal, the Company contends that, "the trial court had no authority to order the claims to arbitration." Reply Brief at 5. The Company may not complain on appeal that the arbitration order was error because a party may not take advantage of an error which it commits or invites. *Stolberg v. Stolberg,* 538 N.E.2d 1, 5 (Ind.Ct.App.1989); *Drake v. Indiana Natural Resources Commission,* 453 N.E.2d 288, 292 (Ind.Ct.App.1983) (Party petitioning for relief is estopped to complain about action by trial court in doing what asked to do even if error). Invited error is not subject to review by this court. *Stolberg,* 538 N.E.2d at 5. Since the Company filed the motion to compel arbitration, it may not now seek review of the trial court's grant of that motion.

On these additional grounds I vote to affirm.

### ORDER

This Court having heretofore handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication"; and

The appellee, by counsel, having thereafter filed her Motion to Issue Written Opinion and Publish Opinion upon which this Court

issued its order on September 13, 1996 ordering the appellants to show cause within ten (10) days from the date of said order why this Court's opinion previously handed down as a "Memorandum Decision, Not for Publication" should not now be published; and

The appellants having failed to file a response to the show cause order, the Court now finds that the appellee's Motion to Issue Written Opinion and Publish Opinion should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellee's Motion to Issue Written Opinion and Publish Opinion is granted and this Court's opinion heretofore handed down in this cause on August 19, 1996 marked "Not for Publication" is now ordered published.